George KRCHNAK, Appellant,

v.

Joe Kirk FULTON, Appellee.

No. 07–88–0124–CV.

Court of Appeals of Texas,
Amarillo.

Nov. 1, 1988.

Rehearing Denied Nov. 30, 1988.

John V. Elick, Bellville, for appellant.

McCleskey, Harriger, Brazill & Graf, Kelley Bickerstaff, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant George Krchnak brings this appeal from a default summary judgment. In that judgment, appellee Joe Kirk Fulton was awarded $22,820 for boarding care, stud fees, and veterinary services rendered to appellant's mare named Miss Mighty Moon, plus $2,500 attorney's fees. In the judgment, appellee was also awarded a foreclosure of stablemen's lien. We reverse and remand.

In six points, appellant argues the trial court erred in (1) overruling his motion to transfer venue; (2) holding a hearing on appellee's motion for summary judgment with only six days notice to defense counsel; (3) overruling appellant's motion for new trial because genuine issues of fact existed as to appellee's right to recover on account and foreclosure of a stablemen's lien; (4) overruling his motion for new trial because he had set up meritorious defenses to appellee's suit and established that his failure to respond to the motion for summary judgment was the result of insufficient notice and time to respond and was not intentional or the result of conscious indifference; (5) denying his motion for extension of time to file a response to appellee's motion for summary judgment; and (6) granting the summary judgment because it unconstitutionally denied appellant the right to a trial.

In his first point, appellant says the trial court erred in overruling his motion to transfer venue. The general venue rule is that now set out in the Texas Civil Practice and Remedies Code Annotated section 15.-001 (Vernon 1986). It provides:

> Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought in the county in which all or part of the cause of action accrued or in the county of defendant's residence if defendant is a natural person.

Texas Rule of Civil Procedure 87 specifies the method and mechanics for determination of a motion to transfer. Paragraph 2(a) provides that a party seeking to maintain venue in reliance upon section 15.001 has the burden to make proof, as provided in paragraph 3 of the rule. Paragraph 3(a) provides that all properly pleaded venue facts are taken as true unless specifically denied by the adverse party. If specifically denied, the party pleading the venue fact must make prima facie proof of that venue fact. It also provides that prima facie proof is made "when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." Paragraph 3(b) provides that the court shall

determine the motion to transfer on the basis of the pleadings, any stipulations made by and between the parties, and such affidavits and attachments as may be filed by the parties.

It is undisputed that appellant was a resident of Austin County and that the mare in question was delivered to, and the services for which recovery is sought were performed at, appellee's ranch, which was located in Lee County, Texas. That being the case, in order to maintain venue, appellee must have made prima facie proof that all or a part of the cause of action accrued in Lubbock County. It is appellee's theory that this burden was met by his allegation, in his response to the motion supported by his affidavit, that appellant orally agreed to make payment in Lubbock, Lubbock County, Texas. Parenthetically, we note that in his motion to transfer, appellant specifically asserted that he "did not enter into the alleged contract in Lubbock County and none of the performance of the alleged contract was to take place in Lubbock County." Neither in his response to the transfer motion nor in his supporting affidavit does appellee allege where the contract was entered into. Our task, therefore, is to determine whether appellee's allegation and supporting affidavit that an agreement was entered into, in Lubbock, Lubbock County, and that the agreement provided that payment due thereunder was to be made in Lubbock, Lubbock County, was sufficient prima facie proof of the necessary venue fact that a part of the cause of action accrued in Lubbock County.

█ A "cause of action" consists of a plaintiff's primary right and the defendant's act or omission which violates that right. *Stone Fort Nat. Bank of Nacogdoches v. Forbess*, 126 Tex. 568, 91 S.W.2d 674, 676 (1936); *Martinez v. Goodyear Tire & Rubber Co.*, 651 S.W.2d 18, 19 (Tex.App.—San Antonio 1983, no writ). Moreover, a "cause of action" comprises every fact which is necessary for a plaintiff to prove in order to obtain judgment. It does not comprise every evidentiary fact, but does comprise every essential fact. *Hoffer Oil Corporation v. Brian*, 38 S.W.

2d 596, 597 (Tex.Civ.App.—Eastland 1931, no writ). The essential elements, then, of appellee's cause of action would be that an agreement existed under which services were rendered by appellee for which payment was not made by appellant. A part of that underlying contract would be an agreement that payment would be made in Lubbock County.

█ The accrual of a cause of action means the right to institute and maintain a suit and whenever one person may sue another a cause of action has accrued. *Luling Oil & Gas Co. v. Humble Oil & Refining Co.*, 144 Tex. 475, 191 S.W.2d 716, 721 (1945). As early as 1854, the Texas Supreme Court held that in a case such as this, the contract, its performance and its breach were all essential parts of the cause of action. *Phillio v. Blythe*, 12 Tex. 124, 127–28 (1854). Since the payment, under the allegations of appellee, was to be made in Lubbock County, and that payment was not made, a portion of the cause of action accrued in that county and, within the purview of Texas Civil Practice & Remedies Code Annotated section 15.001 (Vernon 1986), the suit was permissibly maintainable in that county. *Hoffer Oil Corporation v. Brian*, 38 S.W.2d at 597.

In his argument to the contrary, appellant places primary emphasis upon *Gay Ranch Co. v. Rowland*, 50 S.W. 1086 (Tex. Civ.App.—San Antonio 1899, no writ). However, that case is distinguishable. While the case did hold that a suit for similar services rendered at that appellee's ranch in Runnels County was maintainable in that county, there were no allegations as to an underlying contract or as to the provisions of that contract. Moreover, that case construed a venue statute which provided that suit was maintainable in the county in which the cause of action *arose*. That language is, of course, different from the language of present section 15.001 and, for the reasons above stated, we conclude that a part of the instant cause of action *accrued* in Lubbock County. Appellant's first point is overruled.

In appellant's second point, he says the trial court erred in holding a hearing on appellee's motion for summary judgment with only six days notice to appellant's counsel. In his fifth point, appellant says the trial court erred in denying his motion for extension of time to file a response to appellee's motion for summary judgment. Because of the nature of this complaint, it is necessary to make a chronological listing of the sequence of events.

Appellee's motion for summary judgment was filed on January 11, 1988, and was set for hearing on February 12, 1988, at 1:15 p.m. That motion contained a certificate of service certifying that a copy and notation of hearing time was sent to appellant by certified mail, return receipt requested. No copy of the motion was sent to appellant's counsel.

On February 2, 1988, appellee's counsel sent a copy of the motion to appellant's counsel, which was received on February 4, 1988. In that letter, it was stated that a copy was mailed to appellant on the day of its filing by certified mail, but was returned unclaimed to appellee's counsel. In the letter, appellee's counsel said he had inadvertently failed to forward a copy to opposing counsel, apologized for the delay, and commented that he felt they had complied with the requirements of Texas Rule of Civil Procedure 21a, the rule prescribing the method of giving notice. With the letter, appellee's counsel included a copy of the Lubbock County local rule on summary judgment practice, which provided for no oral arguments unless requested, and commented that he would not be requesting such argument. The motion for summary judgment, according to the trial judge's findings, was granted on February 24, 1988.

On February 15, 1988, appellant's counsel mailed a motion to extend time for filing a response to the summary judgment motion. The basis of that motion was that he had commenced trial in federal court in Harris County on February 1, which would continue until "at least" February 15, 1988. Although counsel's certificate of service states that it was mailed on February 15,

the Lubbock County District Clerk's mail stamp shows it was not filed until February 24, 1988, at which time it was overruled with the trial judge's handwritten notation that the summary judgment had already been granted.

Texas Rule of Civil Procedure 166a(c) provides:

(c) Motion and Proceedings Thereon. The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing....

Appellant argues that implicit in the above rule is the requirement that his counsel have twenty-one (21) days notice of the hearing date and motion for summary judgment so that he would have fourteen (14) full days to prepare his counter-affidavits and prepare his objections to the summary judgment evidence of the proponents. The thrust of his argument is that the requisite twenty-one day notice must be given to counsel, where there is counsel of record, and appellee's failure to do so requires reversal.

In support of his proposition, appellant cites *Williams v. City of Angleton*, 724 S.W.2d 414 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Delta (Del.) Petroleum v. Houston Fishing*, 670 S.W.2d 295 (Tex.App.—Houston [1st Dist.] 1983, no writ); *International Ins. v. Herman G. West, Inc.*, 649 S.W.2d 824 (Tex.App.—Fort Worth 1983, no writ); *Gulf Refining v. A.F.G. Management 34 Ltd.*, 605 S.W.2d 346 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); and *Booker v. Hill*, 570 S.W.2d 460 (Tex.Civ.App.—Waco 1978, no writ). However, while these cases do speak to the proposition that a full twenty-one day notice must be given, they are inapposite to the question before us, *i.e.,*

whether that notice is required to be given to opposing counsel or to the opposing party.

Texas Rule of Civil Procedure 21a provides:

> Every notice required by these rules, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy of the notice or of the document to be served, as the case may be, to the party to be served, or his duly authorized agent, or his attorney of record, either in person or by registered mail to his last known address, or it may be given in such other manner as the court in its discretion may direct. Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period. It may be served by a party to the suit or his attorney of record, or by the proper sheriff, or constable, or by any other person competent to testify. A written statement by an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. Nothing herein shall preclude any party from offering proof that the notice or document was not received, or, if service was by mail, that it was not received within three days from the date of deposit in a post office or official depository under the care and custody of the United States Postal Service, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just. The provisions hereof relating to the method of service of notice are cumulative of all other methods of service prescribed by these rules. When these rules provide for notice or service by registered mail, such notice or service may also be had by certified mail.

Under this rule, a certificate of service, such as the instant one, creates a presumption that the requisite notice was served and, in the absence of evidence to the contrary, has the force of a rule of law. *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987); *Costello v. Johnson,* 680 S.W.2d 529, 532 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). While the sending of such a notice directly to the party without a copy to his attorney of record should not be encouraged, and indeed, it would seem proper that the rule require this, it does not do so. The notice of setting of appellee's motion for summary judgment was, then, in accordance with allowable procedure. Moreover, since appellant's motion to extend the time for filing a response to the motion was not prepared nor received in Lubbock until after the hearing date, nor was it received in Lubbock until after the granting of the motion, no error is shown in the overruling of that motion. Appellant's second and fifth points of error are overruled.

■ In his third and fourth points, appellant argues that the trial court erred in overruling his motion for new trial. Consideration of these points requires that we first determine the standard to be used in reviewing the motion and the trial court's overruling of that motion. There is a split in authority on this question.

In *Costello v. Johnson,* 680 S.W.2d at 531, the Court held the standard of review of a motion for new trial in a summary judgment proceeding where no response to the motion was filed is the same as in reviewing such a motion in a default judgment proceeding. That standard is that a default judgment should be set aside and a new trial ordered in any case in which (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part but was due to mistake or an accident, (2) the motion for a new trial sets up a meritorious defense, and (3) is filed at a time

when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm'n App.1939, opinion adopted). Parenthetically, we note that in the recent case of *Lopez v. Lopez,* 757 S.W.2d 721 (Tex.1988), the Supreme Court has qualified the requirement as to a showing of a meritorious defense by stating that in a case where a defendant was not properly notified of a hearing date, to require such a showing as a condition of granting a new trial would violate due process rights under the fourteenth amendment to the United States Constitution.

However, in *Enernational Corp. v. Exploitation Engineers,* 705 S.W.2d 749, 751 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), the Court, without noting the *Costello* case, and citing *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979), held that the *Craddock* standard was not applicable to an appeal from a summary judgment. The Houston Court's rationale for making that distinction was "[a] summary judgment is not granted because a nonmovant fails to answer, but because the movant's summary judgment proof is sufficient as a matter of law." 705 S.W.2d at 751. We disagree with that premise.

The teaching of *Clear Creek,* as relevant here, is that the trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant but, in the words of the Court, "[t]he movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court...." 589 S.W.2d at 678. However, in a case such as this, the mere fact that the issues presented by a summary judgment motion, and the evidence in connection with the motion, in the absence of any response, might appear to justify the judgment is not sufficient to justify a deviation from the basic fairness of applying the *Craddock* test to a motion for new trial after such summary judgment.

If a summary judgment respondent, in his motion for new trial, could meet the requirements of the *Craddock* rule, logically and reasonably the situations are so analogous that the same standard should be applied. Of course, in our situation, the meritorious defense prong, if required, would be satisfied by a showing that fact questions exist which should be decided by a fact finder. Our conclusion that the *Costello* approach is the correct one is strengthened by the oft-quoted axiom that summary judgment is a harsh remedy and a party's entitlement to that remedy should be strictly construed in procedural as well as substantive matters. *International Ins. v. Herman G. West, Inc.,* 649 S.W.2d at 825.

Having made the determination that our review of the trial court action challenged in these points should be conducted in the light of the *Craddock* explication, it is necessary to review that motion and its surrounding circumstances. When the original transcript was received in this Court, it appeared that the appeal bond would not have been timely filed unless a motion for new trial had been timely filed. No such motion was contained in the transcript. We abated this appeal and directed the trial court to determine whether such a motion was filed with the proper authority within the requisite time frame.

As a result of that hearing, the trial court determined that a motion for new trial was not timely filed in the clerk's office but a motion for new trial was received by the Lubbock County courthouse mailroom on March 7, 1988, and was thereafter lost or mislaid. With this finding, this Court found that appellant had substantially complied with the proper requisites for the filing of such a motion and, on July 1, 1988, ordered the filing of the tendered transcripts and allowed the appeal.

A copy of the motion for new trial is shown in the transcript. Attached to the motion is an affidavit executed by appellant in which he categorically denies that he agreed to pay appellee for stallion service or for care and board for his mare. His version was that a friend of appellee's, in appellant's presence, placed a call to appellee and "asked for and received approval for the offer to breed my mare without charge because he wanted to have

some good foals out of his stallion," and, in reliance upon that agreement, he delivered his mare to appellee's ranch. In the affidavit he also asserted facts by virtue of which he asserted deceptive trade practice and conversion claims.

In *Ivy v. Carrell*, 407 S.W.2d 212 (Tex. 1966), the Court had occasion to explicate the *Craddock* requirement that a motion for new trial in a default judgment case *set up* a meritorious defense. The Court said:

> The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. [Emphasis in original].

*Id.* at 214.

The motion and affidavit in the case at bar were sufficient to establish prima facie that fact questions requiring resolution by a fact finder exist in this case. That, of course, would be a meritorious defense to a motion for summary judgment. The motion and its attachments are also sufficient to show that appellant's failure to file a response to the summary judgment motion was not intentional but was the result of a mistaken assumption that he had twenty-one days from the date appellant's counsel received notification and that it was filed at a time when the granting of the motion would not occasion delay or otherwise work an injury to appellee. That being the case, appellant's motion for new trial should have been granted. Appellant's third and fourth points of error are sustained and that sustention requires reversal of the trial court judgment and a remand for new trial. The disposition which we have made of these two points obviates the necessity for discussion of appellant's sixth point.

In summary, appellant's third and fourth points having been sustained, the judgment of the trial court is reversed and the cause remanded to the trial court for new trial.