**Estella Lane TREVINO, Appellant,**

v.

**HIDALGO PUBLISHING COMPANY, d/b/a The Edinburg Daily Review, Appellee.**

**No. 13–90–025–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 21, 1991.

Larry Watts, Watts & Company, Lawyers, P.C., Houston, for appellant.

Vernon B. Hill, Jr., Hill & Lara, McAllen, for appellee.

Before NYE, C.J., and HINOJOSA and SEERDEN, JJ.

## OPINION

HINOJOSA, Justice.

The trial court granted summary judgment in a libel suit against appellant, Estella Lane Trevino and in favor of appellee, Hidalgo Publishing Co. By two points of error Trevino appeals. We affirm.

Appellant's principal claim on appeal is that her attorney did not receive proper notice of the summary judgment hearing. She was personally served with the motion for summary judgment on September 6, 1989. The summary judgment hearing took place on October 2, 1989. On the morning of the hearing, Larry Watts, appellant's attorney, called the court coordinator and stated that he was ready and he would be over. He did not appear at the hearing or ask for a continuance.

The trial court granted summary judgment. Subsequently a motion for new trial was filed. A hearing was set and proper notice given. Watts again failed to appear. The motion for new trial was overruled.

■ By appellant's first point of error she argues that notice of the summary judgment hearing was defective because it was not served on her attorney. Texas Rule of Civil Procedure, Rule 21a provides that: *"[e]very* notice required by these rules ... except as otherwise expressly provided in these rules, may be served by delivering a copy of the notice or the document to be served, as the case may be, to the party to be served ... *or* his attorney of record ..." (emphasis added). There is no requirement that notice be served only on opposing counsel. *See Krchnak v. Fulton,* 759 S.W.2d 524, 528 (Tex.App.—Amarillo 1988, writ denied); Tex.R.Civ.P. 21a. We hold notice was proper.

Appellant argues that *Krchnak* was wrongly decided, and that Tex.R.Civ.P. 8 requires notice to her attorney. We agree with the *Krchnak* holding. The plain language of Rule 21a allows service on a party or counsel. Moreover, we interpret Rule 8 as specifying which attorney should receive notice, not that an attorney must receive notice in order to constitute proper service.

■ We do not hold that in every case the sole act of serving the party, rather than the attorney, is sufficient. However, in the instant case, appellant failed to establish that appellee's service of the motion for summary judgment on the party was in any way injurious or prejudicial. Appellant's attorney had actual notice of this hearing with sufficient time to respond, but simply failed to appear. Thus, the due process concerns articulated in *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988), and *Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988), are absent. Appellant's first point of error is overruled.

Appellant's second point of error complains that the trial court erred in overruling the motion for new trial. She argues that the trial court abused its discretion in not requiring notice on opposing counsel. We have considered this point above and found it meritless. Appellant's second point of error is overruled. We do not

reach appellee's cross point. The judgment of the trial court is AFFIRMED.