**GEM VENDING, INC.**

v.

**The Hon. Jeff WALKER, Judge 96th District Court of Tarrant County, Texas.**

**No. 02–96–017–CV.**

Court of Appeals of Texas, Fort Worth.

March 21, 1996.

Haynes and Boone, L.L.P. and David E. Keltner and Karen S. Precella of Fort Worth, and Law Offices of Cramb, Marling & Smith and G. Stanley Cramb, Hurst, for Relator.

Michael S. Newman, Arlington, for Real Party.

Before DAY, RICHARDS and HOLMAN, JJ.

## OPINION

RICHARDS, Justice.

In this mandamus proceeding, we are asked to determine if a trial court can grant a motion for new trial outside its plenary power if the affected party itself did not receive notice of the final judgment. We hold that the trial court abused its discretion in granting the motion for new trial. Because relator has no adequate remedy by appeal, we conditionally grant the writ of mandamus.

Relator Gem Vending, Inc. sued the real party in interest Metrovend Vending Service. Metrovend filed an answer through its attorney Bill Leonard. Gem Vending began to have trouble getting Metrovend to respond to their discovery requests. As a result, the trial court granted Gem Vending's motion to compel Metrovend to comply with the requests. Leonard filed a motion to withdraw as counsel because he could not get Metrovend to respond to Gem Vending's discovery. However, after Leonard could not produce the affidavit from Metrovend that the trial court requested that would show Metrovend did not oppose Leonard's withdrawal, Leonard did not pursue the withdrawal motion further.

In May 1995, Gem Vending filed and served requests for admissions on Metrovend through its attorney of record, Leonard. Metrovend never answered. Therefore, Gem Vending filed a motion for summary judgment based on these deemed admissions. The court notified Metrovend of the August 4, 1995 summary judgment hearing. Metrovend did not appear at the hearing.

The trial court granted summary judgment in Gem Vending's favor on August 4, 1995. The court clerk sent a copy to Leonard, who was still counsel of record. It is undisputed that Leonard received a copy of the judgment within twenty days of its signing. On October 16, Metrovend filed a motion for new trial, claiming that it had not received actual notice of the judgment as required by Tex. R.Civ.P. 306a(3). On December 14, the trial court granted Metrovend's motion for new trial.

A motion for new trial must be filed no later than thirty days after the judgment is signed. Tex.R.Civ.P. 329b(a); *see Times Herald Printing Co. v. Jones*, 730 S.W.2d 648, 649 (Tex.1987). In the absence of a timely motion for new trial, the trial court's plenary power extends only thirty days from the signing of the judgment. Tex.R.Civ.P. 329b(d). Metrovend concedes that it did not file a motion for new trial within thirty days of the date the judgment was signed; however, Metrovend contends that these time periods are tolled because it did not receive actual notice of the judgment as required by Tex.R.Civ.P. 306a(4). Metrovend does not dispute that its attorney of record received notice of the judgment within twenty days of the date the judgment was signed. We disagree with Metrovend's argument.

**658**

Notice to an attorney is notice to a party. *See* Tex.R.Civ.P. 306a(4), (5); *Womack–Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d 809, 814–15 (Tex.App.—Dallas 1994, writ denied); *Jefferson v. American Express Travel Related Servs. Co.*, 838 S.W.2d 335, 337 (Tex.App.—Houston [1st Dist.] 1992, no writ). Further, once an attorney has entered an appearance in a case, all communications *must* be sent to that attorney. Tex.R.Civ.P. 8. Because Metrovend does not contest that its attorney received notice of the judgment within twenty days of the date the judgment was signed, the tolling provisions of Tex. R.Civ.P. 306a do not come into play. *Barrasso*, 886 S.W.2d at 815. Thus, the trial court's plenary power expired thirty days after the summary judgment was signed, which was September 4, 1995. Clearly, the December 14, 1995 order granting Metrovend a new trial was entered outside of the court's power.

Metrovend, however, claims that it, as well as Leonard, had to receive notice of the summary judgment because the trial court effectively entered a default judgment. Tex. R.Civ.P. 239a. Although the summary judgment was entered as a result of Metrovend's noncompliance with a discovery request, this is not a default judgment. *See Arit Int'l Corp. v. Allen*, 910 S.W.2d 166, 170 n. 1, 175 (Tex.App.—Fort Worth 1995, no writ) (judgment entered after pleadings struck for discovery abuse reviewed as a postanswer judgment and not a default judgment). If we held that notice to Metrovend itself was required, trial courts could effectively sua sponte strike counsel when a summary judgment is entered based on deemed admissions.

■ Metrovend finally argues that because Gem Vending accepted the $2,000 in attorney's fees that were awarded in the order granting Metrovend a new trial, Gem Vending is estopped from asserting that the rest of the order is invalid. We disagree. The parties cannot consent and give a trial court more plenary power than it has by rule; thus, estoppel does not apply when the trial court enters an order it has no power to enter. *See Insurance Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492, 500–01 (1982) (holding consent is irrelevant and estoppel does not apply when subject matter jurisdic-

tion is in question); *Shirley v. Maxicare Texas, Inc.*, 921 F.2d 565, 568 (5th Cir.1991) (same).

■ Because the trial court had no jurisdiction over the case when it granted Metrovend a new trial, the order is void. Consequently, Gem Vending is entitled to mandamus without the requirement of showing that it has no adequate remedy by appeal. *Buttery v. Betts*, 422 S.W.2d 149, 151 (Tex.1967) (orig. proceeding); *J.A. Bitter & Assocs. v. Haberman*, 834 S.W.2d 383, 384 (Tex.App.—San Antonio 1992) (orig. proceeding). Mandamus is the appropriate remedy when a trial court enters a void order for new trial outside its plenary power. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985) (orig. proceeding); *see Cecil v. Smith*, 804 S.W.2d 509, 515 & n. 7 (Tex.1991) (Cornyn, J., dissenting) (stating that mandamus is the only appropriate remedy when a trial court grants a void new trial order).

The trial court's order in granting a new trial is void because it was entered after the trial court's plenary power expired. Accordingly, we conditionally grant Gem Vending's petition for writ of mandamus. A writ will issue only if the trial court fails to vacate its December 14, 1995 order granting Metrovend a new trial.