**Mauricio and Lydia MORIN, Appellants,**

v.

**Bob BOECKER, Appellee.**

**No. 13–02–564–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Dec. 11, 2003.

Alejandro Moreno, Jr., Edinburg, for appellants.

Brittany L. Wills, Passmore, Walker & Twenhafel, L.L.P., McAllen, for appellee.

Before Justices HINOJOSA, YAÑEZ, and GARZA.

## OPINION

Opinion by Justice GARZA.

Mauricio and Lydia Morin appeal an order of the county court at law dismissing their appeal. We reverse and remand.

### A. Background

Bob Boecker filed a forcible entry and detainer suit against the Morins in a justice of the peace court. The justice court awarded possession to Boecker, and the Morins subsequently appealed to the coun-

ty court at law. On June 21, 2001, the clerk of the county court mailed a notice to the Morins, stating that they were required to pay $160 in court costs within twenty days to perfect their appeal. *See* Tex.R. Civ. P. 143a. The clerk did not send a copy of the notice to the Morins' attorney, and the Morins did not pay the costs. On January 14, 2002, the clerk sent a second notice to the Morins. A copy was not sent to the Morins' attorney, and again, the Morins did not pay the costs. On May 10, 2002, Boecker filed a motion to dismiss, arguing that the Morins' failure to pay costs deprived the court of jurisdiction.

On June 25 and July 1, 2002, the county court held hearings on Boecker's motion to dismiss. The Morins' attorney attended both hearings and informed the court that he did not receive notice of the outstanding court costs until he was served with Boecker's motion to dismiss. He admitted that his clients received the two notices sent by the clerk but explained that they did not act on those notices because they assumed their attorney was aware of the matter and handling it for them. The Morins' attorney also informed the county court that he had paid the costs on May 29, 2001, shortly after receiving notice. Nevertheless, the court granted Boecker's motion to dismiss. The Morins responded with a motion for new trial supported by an affidavit of their attorney, which stated the same facts and made the same arguments he articulated at the hearings. The court denied the motion, and the Morins now appeal to this Court.

### B. Standard of Review

We review a dismissal order for abuse of discretion. *Roberts v. Padre Island Brewing Co.,* 28 S.W.3d 618, 620 (Tex.App.-Corpus Christi 2000, pet. denied). A court abuses its discretion if it acts without reference to guiding rules and principles or if its actions were arbitrary and unreasonable. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *see also City of San Benito v. Rio Grande Valley Gas Co.,* 109 S.W.3d 750, 757 (Tex.2003) (reaffirming *Downer's* statement of the "abuse of discretion" standard).

### C. Analysis

In their sole issue, the Morins complain that the county court should not have dismissed their appeal. For his part, Boecker argues that rule 143a compelled dismissal because the Morins had actual notice of the required court costs and did not pay them within twenty days. *See* Tex.R. Civ. P. 143a. Rule 143a states:

> If the appellant fails to pay the cost on appeal from a judgment of a justice of the peace or small claims court within twenty (20) days after being notified to do so by the county clerk, the appeal shall be deemed not perfected and the county clerk shall return all papers in said cause to the justice of the peace having original jurisdiction and the justice of the peace shall proceed as though no appeal had been attempted.

Tex.R. Civ. P. 143a.

The Morins contend that the county court erroneously dismissed their case because they were not given proper notice of the required court costs. They assert that when a party is represented by counsel, rule 8 requires the clerk to send notice to counsel, not just to the party. *See* Tex.R. Civ. P. 8. Rule 8 states, "All communications from the court or other counsel *shall* be sent to the attorney in charge." Tex.R. Civ. P. 8 (emphasis added). The Morins argue that because no notice was ever sent to their attorney, the twenty-day window contemplated by rule 143a never commenced. Thus, the trial court erred by

dismissing their case for failure to pay court costs within the twenty-day period.

■■■ Boecker maintains that the rules of civil procedure impose no obligation to serve notice on opposing counsel. *See Trevino v. Hidalgo Publ'g Co.*, 805 S.W.2d 862, 863 (Tex.App.-Corpus Christi 1991, no writ). Despite the plain language of rule 8, Boecker argues that notice need not be served on the attorney in charge because rule 21a allows service on either a party, the party's duly authorized agent, or the party's attorney of record. *See* Tex.R. Civ. P. 21a. Thus, notice need never be served on opposing counsel. *See Trevino*, 805 S.W.2d at 863 (citing *Krchnak v. Fulton*, 759 S.W.2d 524, 528 (Tex.App.-Amarillo 1988, writ denied); Tex.R. Civ. P. 21a). Although Boecker cites some supportive case law for this proposition, *see Trevino*, 805 S.W.2d at 863; *Krchnak*, 759 S.W.2d at 528, the validity of that authority is dubious. At a minimum, we question its soundness. For the reasons that follow, we hold that when a party is represented by counsel who has made an appearance, rules 8 and 21a require that all communications be sent to the party's attorney. *See Bruneio v. Bruneio*, 890 S.W.2d 150, 155 (Tex.App.-Corpus Christi 1994, no writ) ("[The] rules suggest that . . . notice . . . [be] sent to the attorney in charge if the party is represented, or to the party himself if pro se.").

First, rule 8 would be rendered meaningless if, as Boecker argues, all communications could be served on parties rather than their attorneys. Rule 8 states the exact opposite proposition: "All communications from the court or other counsel shall be sent to the attorney in charge." Tex.R. Civ. P. 8. If the Texas Supreme Court intended for all notices to be served on whomever opposing counsel desired, it would have used the permissive term "may" in the language of rule 8 rather

than the mandatory term "shall." *See, e.g., Gem Vending, Inc. v. Walker*, 918 S.W.2d 656, 658 (Tex.App.-Fort Worth 1996, orig. proceeding) ("[O]nce an attorney has entered an appearance in a case, all communications must be sent to that attorney.").

Second, if we were to interpret rule 8 as an optional provision and allow service on either parties or their attorneys subject to the whim of opposing counsel, the policy underlying the rule would be subverted. Rule 8 designates an "attorney in charge" so that the "attorney in charge . . . [can] be [held] responsible for the suit as to such party." Tex.R. Civ. P. 8. To facilitate professional execution of this responsibility, the rule directs the court and opposing counsel to send all communications to the "attorney in charge." *Id.* It would be unfair and contrary to the spirit of rule 8 to hold an attorney responsible for communications that he or she is not entitled to receive. It would also invite abuse by opposing counsel, especially when the party represented is illiterate or otherwise unfamiliar with the dispositive exigencies of civil litigation. It makes absolutely no sense, for example, that the party rather than the attorney receive notice of a hearing on a crucial, time-sensitive motion, such as a motion to transfer venue or a motion for summary judgment. Most likely, a party will not understand the importance of getting the information to his attorney promptly or will expect that his attorney received notice directly. Any delay could result in a severe disadvantage to the attorney and adversely affect counsel's representation of the party.

Finally, contrary to Boecker's arguments, rule 21a does not authorize service solely on a party when that party is represented by counsel. *Cf. Withrow v. Schou*, 13 S.W.3d 37, 40 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) ("Neither the trial

court nor clerk may communicate directly with a party represented by counsel."). Rule 21a says, "Every notice required by these rules, ... except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be." For our purposes, the critical language of rule 21a is "except as otherwise expressly provided in these rules" and "as the case may be." Even assuming that rule 21a imposes no obligation to serve notice on opposing counsel, the language "except as otherwise expressly provided in these rules" makes an allowance for rule 8's mandate that all communications be sent to the attorney in charge. Thus, read together, rules 8 and 21a do not permit exclusive service on a party when the party is represented by counsel. *See Bruneio*, 890 S.W.2d at 155.

The "as the case may be" language of rule 21a supports this reading. It also indicates that rule 21a imposes its own duty to serve counsel rather than just the represented party. "As the case may be" refers to whether the party has retained counsel or designated a duly authorized agent. If not, service solely on the party suffices. But it does not follow that service can be made solely on a party who has retained counsel. Even when considered outside the context of rule 8, rule 21a contemplates service on counsel rather than the party. *See Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex.App.-Houston [1st Dist.] 1997, pet. denied) ("The notice requirements ... are satisfied by serving the party himself (if he is *pro se* ), his agent, or his attorney (if the party is represented by counsel) under the provisions of rule 21a."). Thus, we will not adopt Boecker's reading of the rules to allow service solely on a represented party without notice to counsel.

We are aware of *Trevino v. Hidalgo Publ'g Co.*, 805 S.W.2d 862, 863 (Tex.App.-Corpus Christi 1991, no writ) but decline to broaden its narrow holding. In *Trevino*, appellant was served with a motion for summary judgment but her attorney was not. *See id.* On appeal to this Court, appellant argued that the court's notice of the summary judgment hearing was defective under rules 8 and 21a because the notice was not served on her attorney. *See id.* This Court held that notice was proper because rule 21a allows service on a party or counsel. *See id.* ("There is no requirement that notice be served only on opposing counsel.") (citing *Krchnak v. Fulton*, 759 S.W.2d 524, 528 (Tex.App.-Amarillo 1988, writ denied); Tex.R. Civ. P. 21a.). We cautioned, however, that serving the party rather than the attorney will not suffice in every case. *See id.* After noting that appellant failed to establish any injury or prejudice, this Court overruled all issues on appeal. *Id.*

*Trevino* is fundamentally distinguishable from the instant case because there was actual notice to the attorney in *Trevino*. *See id.* In fact, appellant's attorney called the court's coordinator on the morning of the hearing and said that he was not only aware of the scheduled hearing but that he was ready to proceed. *Id.* Then, for some unexplained reason, he failed to appear, and a judgment was entered against his client. *Id.* Subsequently, he again failed to appear for a court hearing, this time on his motion for a new trial, which the trial court ultimately denied. *Id.* On appeal, we held that the court did not err in awarding summary judgment or in denying the motion for new trial because the attorney had actual notice of both hearings and because appellant had not established any injury or prejudice. *Id.*

We will not extend *Trevino*'s holding beyond the particular facts of the case.

*Trevino* holds no more than that when an attorney has actual knowledge of a hearing and declares to the court that he is ready to proceed, any allegations of improper notice are precluded. *See id.* The remainder of the opinion's language was unnecessary for the case's disposition and thus constitutes dicta. Although we certainly disagree with portions of *Trevino*, we need not overrule it because we would reach the same ultimate outcome in a case involving facts such as *Trevino*'s even after today's decision.

■ Having anticipated this outcome, Boecker argues that even if rule 8 requires that all communications be sent to the attorney in charge, in this case, the Morins' attorney was not the attorney in charge because he had not made an appearance in the county court when the notices were sent to the Morins. Thus, notice to the Morins sufficed. We disagree. Rule 8 states, "On the occasion of a party's first appearance through counsel, the attorney whose signature first appears on the initial pleadings for any party shall be the attorney in charge, unless another attorney is specifically designated therein." TEX.R. CIV. P. 8. According to rule 121, "An answer shall constitute an appearance...." TEX.R. CIV. P. 121. The record shows, and Boecker does not dispute, that the Morins' attorney filed an answer with the justice court on March 19, 2001. Thus, from March 19, 2001 forward, the Morins' attorney was the attorney in charge. Even so, Boecker contends that the clerk of the county court could not have known that he was the attorney in charge because his appearance was made in the justice court and not the county court. We disagree. The record reflects that the justice court sent the parties' pleadings to the county court. *See* TEX.R. CIV. P. 751. Among these pleadings are the Morins' answer and amended answer. Both docu-ments are signed by the Morins' attorney and list his name and address. Consequently, the clerk knew or should have known that the Morins were represented by counsel.

Furthermore, rule 8 provides no basis for distinguishing between an attorney's appearances in justice court and county court. Rule 8's designation of an attorney in charge hinges on a party's initial pleadings, and rule 751, which governs appeals to county court from justice court, only requires new pleadings when the defendant pleaded orally in the justice court. TEX.R. CIV. P. 8, 751. That was not the case here. Thus, the Morins were entitled to rely on the amended answer they filed in the justice court. By operation of law, that pleading designated the Morins' attorney as the attorney in charge, and the clerk was therefore obligated to send all communications, including notice of required court costs, to the Morins' attorney. Because that notice was never sent, rule 143a's twenty-day period to pay costs never began to run, and the county court erroneously dismissed the Morins' appeal for failure to pay costs. Accordingly, we sustain appellants' sole issue.

## D. Conclusion

The judgment of the county court at law is reversed, and the cause is remanded for reinstatement of the appeal.