NUMBER 13-02-564-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG




MAURICIO AND LYDIA MORIN,                                                Appellants,

v.

BOB BOECKER,                                                                            Appellee.



On appeal from the County Court at Law Number 1, 
Hidalgo County, Texas.


O P I N I O N

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Garza

            Mauricio and Lydia Morin appeal an order of the county court at law dismissing their
appeal. We reverse and remand. 
A. Background
          Bob Boecker filed a forcible entry and detainer suit against the Morins in a justice
of the peace court. The justice court awarded possession to Boecker, and the Morins
subsequently appealed to the county court at law. On June 21, 2001, the clerk of the
county court mailed a notice to the Morins, stating that they were required to pay $160 in
court costs within twenty days to perfect their appeal. See Tex. R. Civ. P. 143a. The clerk
did not send a copy of the notice to the Morins’ attorney, and the Morins did not pay the
costs. On January 14, 2002, the clerk sent a second notice to the Morins. A copy was not
sent to the Morins’ attorney, and again, the Morins did not pay the costs. On May 10,
2002, Boecker filed a motion to dismiss, arguing that the Morins’ failure to pay costs
deprived the court of jurisdiction. 
          On June 25 and July 1, 2002, the county court held hearings on Boecker’s motion
to dismiss. The Morins’ attorney attended both hearings and informed the court that he did
not receive notice of the outstanding court costs until he was served with Boecker’s motion
to dismiss. He admitted that his clients received the two notices sent by the clerk but
explained that they did not act on those notices because they assumed their attorney was
aware of the matter and handling it for them. The Morins’ attorney also informed the
county court that he had paid the costs on May 29, 2001, shortly after receiving notice.
Nevertheless, the court granted Boecker’s motion to dismiss. The Morins responded with
a motion for new trial supported by an affidavit of their attorney, which stated the same
facts and made the same arguments he articulated at the hearings. The court denied the
motion, and the Morins now appeal to this Court.
B. Standard of Review
          We review a dismissal order for abuse of discretion. Roberts v. Padre Island
Brewing Co., 28 S.W.3d 618, 620 (Tex. App.—Corpus Christi 2000, pet. denied). A court
abuses its discretion if it acts without reference to guiding rules and principles or if its
actions were arbitrary and unreasonable. See Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985); see also City of San Benito v. Rio Grande Valley Gas
Co., 109 S.W.3d 750, 757 (Tex. 2003) (reaffirming Downer’s statement of the “abuse of
discretion” standard).C. Analysis
          In their sole issue, the Morins complain that the county court should not have
dismissed their appeal. For his part, Boecker argues that rule 143a compelled dismissal
because the Morins had actual notice of the required court costs and did not pay them
within twenty days. See Tex. R. Civ. P. 143a. Rule 143a states:
If the appellant fails to pay the cost on appeal from a judgment of a justice
of the peace or small claims court within twenty (20) days after being notified
to do so by the county clerk, the appeal shall be deemed not perfected and
the county clerk shall return all papers in said cause to the justice of the
peace having original jurisdiction and the justice of the peace shall proceed
as though no appeal had been attempted.
 
Tex. R. Civ. P. 143a. 
           The Morins contend that the county court erroneously dismissed their case because
they were not given proper notice of the required court costs. They assert that when a
party is represented by counsel, rule 8 requires the clerk to send notice to counsel, not just
to the party. See Tex. R. Civ. P. 8. Rule 8 states, “All communications from the court or
other counsel shall be sent to the attorney in charge.” Tex. R. Civ. P. 8 (emphasis added). 
The Morins argue that because no notice was ever sent to their attorney, the twenty-day
window contemplated by rule 143a never commenced. Thus, the trial court erred by
dismissing their case for failure to pay court costs within the twenty-day period. 
          Boecker maintains that the rules of civil procedure impose no obligation to serve
notice on opposing counsel. See Trevino v. Hidalgo Publ’g Co., 805 S.W.2d 862, 863
(Tex. App.–Corpus Christi 1991, no writ). Despite the plain language of rule 8, Boecker
argues that notice need not be served on the attorney in charge because rule 21a allows
service on either a party, the party’s duly authorized agent, or the party’s attorney of record.
See Tex. R. Civ. P. 21a. Thus, notice need never be served on opposing counsel. See 
Trevino, 805 S.W.2d at 863 (citing Krchnak v. Fulton, 759 S.W.2d 524, 528 (Tex.
App.–Amarillo 1988, writ denied); Tex. R. Civ. P. 21a). Although Boecker cites some
supportive case law for this proposition, see Trevino, 805 S.W.2d at 863; Krchnak, 759
S.W.2d at 528, the validity of that authority is dubious. At a minimum, we question its
soundness. For the reasons that follow, we hold that when a party is represented by
counsel who has made an appearance, rules 8 and 21a require that all communications
be sent to the party’s attorney. See Bruneio v. Bruneio, 890 S.W.2d 150, 155 (Tex.
App.–Corpus Christi 1994, no writ) (“[The] rules suggest that . . . notice . . . [be] sent to the
attorney in charge if the party is represented, or to the party himself if pro se.”). 
          First, rule 8 would be rendered meaningless if, as Boecker argues, all
communications could be served on parties rather than their attorneys. Rule 8 states the
exact opposite proposition: “All communications from the court or other counsel shall be
sent to the attorney in charge.” Tex. R. Civ. P. 8. If the Texas Supreme Court intended for
all notices to be served on whomever opposing counsel desired, it would have used the
permissive term “may” in the language of rule 8 rather than the mandatory term “shall.” 
See, e.g., Gem Vending, Inc. v. Walker, 918 S.W.2d 656, 658 (Tex. App.–Fort Worth 1996,
orig. proceeding) (“[O]nce an attorney has entered an appearance in a case, all
communications must be sent to that attorney.”). 
          Second, if we were to interpret rule 8 as an optional provision and allow service on
either parties or their attorneys subject to the whim of opposing counsel, the policy
underlying the rule would be subverted. Rule 8 designates an “attorney in charge” so that
the “attorney in charge . . . [can] be [held] responsible for the suit as to such party.” Tex.
R. Civ. P. 8. To facilitate professional execution of this responsibility, the rule directs the
court and opposing counsel to send all communications to the “attorney in charge.” Id. It
would be unfair and contrary to the spirit of rule 8 to hold an attorney responsible for
communications that he or she is not entitled to receive. It would also invite abuse by
opposing counsel, especially when the party represented is illiterate or otherwise unfamiliar
with the dispositive exigencies of civil litigation. It makes absolutely no sense, for
example, that the party rather than the attorney receive notice of a hearing on a crucial,
time-sensitive motion, such as a motion to transfer venue or a motion for summary
judgment. Most likely, a party will not understand the importance of getting the information
to his attorney promptly or will expect that his attorney received notice directly. Any delay
could result in a severe disadvantage to the attorney and adversely affect counsel’s
representation of the party. 
          Finally, contrary to Boecker’s arguments, rule 21a does not authorize service solely
on a party when that party is represented by counsel. Cf. Withrou v. Schou, 13 S.W.3d 37,
40 (Tex. App.–Houston [14th Dist.] 1999, pet. denied) (“Neither the trial court nor clerk may
communicate directly with a party represented by counsel.”). Rule 21a says, “Every notice
required by these rules, . . . except as otherwise expressly provided in these rules, may be
served by delivering a copy to the party to be served, or the party’s duly authorized agent
or attorney of record, as the case may be.” For our purposes, the critical language of rule
21a is “except as otherwise expressly provided in these rules” and “as the case may be.” 
Even assuming that rule 21a imposes no obligation to serve notice on opposing counsel,
the language “except as otherwise expressly provided in these rules” makes an allowance
for rule 8's mandate that all communications be sent to the attorney in charge. Thus, read
together, rules 8 and 21a do not permit exclusive service on a party when the party is
represented by counsel. See Bruneio, 890 S.W.2d at 155. 
          The “as the case may be” language of rule 21a supports this reading. It also
indicates that rule 21a imposes its own duty to serve counsel rather than just the
represented party. “As the case may be” refers to whether the party has retained counsel
or designated a duly authorized agent. If not, service solely on the party suffices. But it
does not follow that service can be made solely on a party who has retained counsel. 
Even when considered outside the context of rule 8, rule 21a contemplates service on
counsel rather than the party. See Osborn v. Osborn, 961 S.W.2d 408, 411 (Tex.
App.–Houston [1st Dist.] 1997, pet. denied) (“The notice requirements . . . are satisfied by
serving the party himself (if he is pro se), his agent, or his attorney (if the party is
represented by counsel) under the provisions of rule 21a.”). Thus, we will not adopt
Boecker’s reading of the rules to allow service solely on a represented party without notice
to counsel. 
          We are aware of Trevino v. Hidalgo Publ’g Co., 805 S.W.2d 862, 863 (Tex.
App.–Corpus Christi 1991, no writ) but decline to broaden its narrow holding. In Trevino,
appellant was served with a motion for summary judgment but her attorney was not. See 
id. On appeal to this Court, appellant argued that the court’s notice of the summary
judgment hearing was defective under rules 8 and 21a because the notice was not served
on her attorney. See id. This Court held that notice was proper because rule 21a allows
service on a party or counsel. See id. (“There is no requirement that notice be served only
on opposing counsel.”) (citing Krchnak v. Fulton, 759 S.W.2d 524, 528 (Tex. App.–Amarillo
1988, writ denied); Tex. R. Civ. P. 21a.)). We cautioned, however, that serving the party
rather than the attorney will not suffice in every case. See id. After noting that appellant
failed to establish any injury or prejudice, this Court overruled all issues on appeal. Id. 
          Trevino is fundamentally distinguishable from the instant case because there was
actual notice to the attorney in Trevino. See id. In fact, appellant’s attorney called the
court’s coordinator on the morning of the hearing and said that he was not only aware of
the scheduled hearing but that he was ready to proceed. Id. Then, for some unexplained
reason, he failed to appear, and a judgment was entered against his client. Id. 
Subsequently, he again failed to appear for a court hearing, this time on his motion for a
new trial, which the trial court ultimately denied. Id. On appeal, we held that the court did
not err in awarding summary judgment or in denying the motion for new trial because the
attorney had actual notice of both hearings and because appellant had not established any
injury or prejudice. Id. 
          We will not extend Trevino’s holding beyond the particular facts of the case. Trevino
holds no more than that when an attorney has actual knowledge of a hearing and declares
to the court that he is ready to proceed, any allegations of improper notice are precluded. 
See id. The remainder of the opinion’s language was unnecessary for the case’s
disposition and thus constitutes dicta. Although we certainly disagree with portions of
Trevino, we need not overrule it because we would reach the same ultimate outcome in
a case involving facts such as Trevino’s even after today’s decision.
          Having anticipated this outcome, Boecker argues that even if rule 8 requires that all
communications be sent to the attorney in charge, in this case, the Morins’ attorney was
not the attorney in charge because he had not made an appearance in the county court
when the notices were sent to the Morins. Thus, notice to the Morins sufficed. We
disagree. Rule 8 states, “On the occasion of a party’s first appearance through counsel,
the attorney whose signature first appears on the initial pleadings for any party shall be the
attorney in charge, unless another attorney is specifically designated therein.” Tex. R. Civ.
P. 8. According to rule 121, “An answer shall constitute an appearance . . . .” Tex. R. Civ.
P. 121. The record shows, and Boecker does not dispute, that the Morins’ attorney filed
an answer with the justice court on March 19, 2001. Thus, from March 19, 2001 forward,
the Morins’ attorney was the attorney in charge. Even so, Boecker contends that the clerk
of the county court could not have known that he was the attorney in charge because his
appearance was made in the justice court and not the county court. We disagree. The
record reflects that the justice court sent the parties’ pleadings to the county court. See
Tex. R. Civ. P. 751. Among these pleadings are the Morins’ answer and amended answer. 
Both documents are signed by the Morins’ attorney and list his name and address. 
Consequently, the clerk knew or should have known that the Morins were represented by
counsel.
          Furthermore, rule 8 provides no basis for distinguishing between an attorney’s
appearances in justice court and county court. Rule 8's designation of an attorney in
charge hinges on a party’s initial pleadings, and rule 751, which governs appeals to county
court from justice court, only requires new pleadings when the defendant pleaded orally
in the justice court. Tex. R. Civ. P. 8, 751. That was not the case here. Thus, the Morins
were entitled to rely on the amended answer they filed in the justice court. By operation
of law, that pleading designated the Morins’ attorney as the attorney in charge, and the
clerk was therefore obligated to send all communications, including notice of required court
costs, to the Morins’ attorney. Because that notice was never sent, rule 143a’s twenty-day
period to pay costs never began to run, and the county court erroneously dismissed the
Morins’ appeal for failure to pay costs. Accordingly, we sustain appellants’ sole issue.
D. Conclusion
          The judgment of the county court at law is reversed, and the cause is remanded
for reinstatement of the appeal. 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
Opinion delivered and filed
this 11th day of December, 2003