Samuel J. LESTER,[1] Appellant,

v.

**CAPITAL INDUSTRIES, INC., Appellee.**

No. 04–04–00310–CV.

Court of Appeals of Texas, San Antonio.

Nov. 10, 2004.

1. We note that Excamate, Ltd. was included in the Notice of Appeal due to a clerical error. Excamate, Ltd. is not a party to this appeal.

Andrew E. Toscano, Gene Toscano, Inc., San Antonio, for appellant.

Steven B. Treu, Langley & Banack, Inc., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

Appellant, Samuel J. Lester, brings this restricted appeal from a default summary judgment granted in favor of appellee Capital Industries, Inc. Lester raises three issues on appeal: 1) proper notice of the summary judgment hearing was not given to his attorney in accordance with Rules 8, 21a, and 166a of the Texas Rules of Civil Procedure; 2) Capital violated the judicial rationale behind the doctrine of collateral estoppel by filing a second motion for summary judgment; and 3) the granting of summary judgment was improper because Capital failed to meet its burden of proving there were no genuine issues of material fact. Because we find proper notice was not given in accordance with Rules 8, 21a, and 166a of the Texas Rules of Civil Procedure, we reverse and remand.

### Factual and Procedural Background

In July 2000, Excamate, Ltd. entered into a written agreement with Capital whereby it would acquire equipment to conduct excavation at a local elementary school. The written agreement provided that Excamate would make monthly payments for twenty-nine months. Shortly after delivery, Excamate notified Capital that the equipment was not working properly, and Capital made several attempts to repair the equipment. After four months, the malfunctions continued, and Excamate discontinued its monthly payments. Capital continued sending monthly invoices to Excamate and retained counsel. Samuel Lester, the general manager of Excamate, sent a letter to Capital's attorney and negotiated on behalf of Excamate to have the equipment returned to Capital in exchange for return of all monies paid to Capital. Thereafter, Capital sued Excamate and Lester jointly and severally for breach of contract. Capital alleged Lester had held himself out as the general partner of Excamate and was therefore responsible for its debts.

In its original petition, Capital asserted that Excamate had entered into an agreement to purchase the equipment. In defense, Excamate denied it was ever the company's intent to purchase the equipment. Excamate stated its previous business dealings with Capital had been to lease equipment with the option to purchase. Lester denied ever holding himself out as the general partner of Excamate.

On April 2, 2002, Capital mailed copies of its first motion for summary judgment to Lester, Excamate, and their attorney, Andrew Toscano. Toscano filed a response to the motion, along with Lester's affidavit. In the affidavit, Lester described past business dealings between Excamate and Capital, detailed the nature of his management position with Exca-

mate, and denied he had ever represented himself as the general partner of Excamate. Capital's motion for summary judgment was denied.

On January 31, 2003, Toscano filed a motion to withdraw as Excamate's counsel, which was granted at a hearing on February 7, 2003. Toscano continued to represent Lester.

On March 14, 2003, Capital filed its second motion for summary judgment before a different judge. The second motion was identical to the first, except it recited that both defendants were pro se. Capital mailed its second motion for summary judgment to Excamate and Lester, but failed to send notice of the motion or hearing to Lester's attorney. Neither Excamate nor Lester filed a response to the summary judgment, and neither appeared at the April 10, 2003 hearing. The trial court signed a judgment on April 10, 2003, awarding Capital $13,398.02 in damages, plus attorney's fees and pre- and post-judgment interest.

## Standard of Review

■ A restricted appeal: 1) must be brought within six months of the date of judgment; 2) by a party to the suit; 3) who did not participate in the hearing that resulted in the judgment complained of; and 4) the error must be apparent from the face of the record. TEX.R.APP. P. 30;

*Quaestor Inv., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex.1999) (per curiam). We use the same scope of review for a restricted appeal as an ordinary appeal, except that error must appear on the face of the record, which for purposes of a restricted appeal consists of all documents on file. *Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). It is undisputed that Lester satisfied the first three elements of a restricted appeal. We therefore consider only whether he has shown error on the face of the record.

## Notice of the Summary Judgment Motion and Hearing

■ The motion for summary judgment and any supporting affidavits must be served on the opposing party at least twenty-one days before the hearing. TEX.R. CIV. P. 166a(c). Proper notice to the non-movant is a prerequisite to summary judgment. *Rozsa v. Jenkinson*, 754 S.W.2d 507, 509 (Tex.App.-San Antonio 1988, no writ). Lester's principal claim on appeal is that Capital's failure to send notice of the summary judgment hearing to his attorney violated Rules 8 and 21a of the Texas Rules of Civil Procedure.[2]

Two courts of appeals have considered whether the Texas Rules of Civil Procedure require notice of a summary judgment hearing to be served on a party's

---

**2.** Rule 8 provides in pertinent part: "On the occasion of a party's first appearance through counsel, the attorney whose signature first appears on the initial pleadings for any party shall be the attorney in charge, unless another attorney is specifically designated therein. Thereafter, until such designation is changed by written notice to the court and all other parties in accordance with Rule 21a, said attorney in charge shall be responsible for the suit as to such party. *Communications from the court or other counsel with respect to a suit shall be sent to the attorney in charge.*" TEX.R. CIV. P. 8 (emphasis added).

Rule 21a provides: "Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21a, other than the citation to be served upon the filing of the cause of action and *except as otherwise expressly provided in these rules,* may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be." TEX.R. CIV P. 21a (emphasis added).

attorney. The Amarillo Court of Appeals concluded that notice of the summary judgment hearing need not be served on a party's attorney. *Krchnak v. Fulton,* 759 S.W.2d 524, 528 (Tex.App.-Amarillo 1988, writ denied). The court examined Rule 21a and determined, "While the sending of such a notice directly to the party without a copy to his attorney of record should not be encouraged, and indeed, it would seem proper that the rule require this, it does not do so." *Id.* The Corpus Christi Court of Appeals recognized the same principle in *Trevino v. Hidalgo Publishing Co.,* but held that the sole act of serving the party rather than his attorney is not sufficient in every case for notice to be effective. *Trevino v. Hidalgo Publishing Co.,* 805 S.W.2d 862, 863 (Tex.App.-Corpus Christi 1991, no writ). The *Trevino* court ultimately upheld the default summary judgment because the plaintiff could not show that the defendant's failure to deliver notice of the hearing to the plaintiff's attorney was injurious or prejudicial. The court concluded that any allegations of improper notice were precluded because plaintiff's attorney had actual knowledge of the hearing, declared to the court he was ready to proceed, and then simply failed to appear. *Id.*

■ Most recently, the Corpus Christi court held that when a party is represented by counsel who has made an appearance, Rules 8 and 21a require that all communications be sent to the party's attorney. *Morin v. Boecker,* 122 S.W.3d 911, 914 (Tex.App.-Corpus Christi 2003, no pet.). The court reasoned that Rule 8 would be rendered meaningless, and its underlying policies subverted, if all communications could be served on parties rather than their attorneys. *Id.* The court explained:

> It would be unfair and contrary to the spirit of rule 8 to hold an attorney responsible for communications that he or she is not entitled to receive. It would also invite abuse by opposing counsel, especially when the party represented is illiterate or otherwise unfamiliar with the dispositive exigencies of civil litigation. *It makes absolutely no sense, for example, that the party rather than the attorney receive notice of a hearing on a crucial, time-sensitive motion, such as a motion to transfer venue or a motion for summary judgment.* Most likely, a party will not understand the importance of getting the information to his attorney promptly or will expect that his attorney received notice directly. Any delay could result in a severe disadvantage to the attorney and adversely affect counsel's representation of the party. *Id.* (Emphasis added).

We agree with this conclusion. Once Lester's attorney made an appearance in the case, all communications from opposing counsel with respect to the suit should have been sent to him, including notice of the summary judgment motion and hearing. Failure to send notice violated Rules 8, 21a, and 166a(c) of the Texas Rules of Civil Procedure.

It is apparent from the face of the record that Lester was represented by counsel on March 14, 2003, the date Capital filed its second motion for summary judgment. Lester's attorney had previously made an appearance in the case, and did not receive notice of the second summary judgment motion or hearing. This lack of notice was both injurious and prejudicial because Lester's attorney could not file a response to Capital's second motion for summary judgment. Lester's first issue is sustained.

### Conclusion

Because we sustain Lester's first issue regarding notice, we need not address his

other issues. TEX.R.APP. P. 47.1. We reverse the trial court's judgment and remand the cause to the trial court for proceedings consistent with this opinion.