

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-14-00063-CV

JOSEPH M. INGRAM                                                                 APPELLANT

V.

SANDRA V. INGRAM                                                                 APPELLEE

----------

## FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## **MEMORANDUM OPINION**[1]

----------

Appellant Joseph M. Ingram attempts to appeal from the trial court's December 30, 2013 order that granted appellee Sandra V. Ingram's motion to set aside a default judgment. We dismiss the appeal because we lack jurisdiction. *See* Tex. R. App. P. 43.2(f).

---

[1]*See* Tex. R. App. P. 47.4.

In August 2013, appellant filed an "Original Petition for Bill of Review and Motion to Abate Disbursement of Retirement." In that document, appellant contended that he had divorced appellee in 2009 and that a dispute had developed between the parties concerning the amount of appellant's military retirement that appellee was entitled to receive.

On October 4, 2013, the trial court signed a default judgment in appellant's favor. The court set aside an April 2013 clarifying domestic relations order, awarded appellant $2,493.75 in attorney's fees and expenses, and taxed costs against appellee.

On December 30, 2013, pursuant to a motion filed by appellee earlier that month, the trial court signed an order vacating the October 4 default judgment. The court reinstated the clarifying domestic relations order but did not purport to render a final decision on appellant's petition for bill of review.

On January 31, 2014, appellant filed an untimely motion for new trial.[2] On February 25, 2014, appellant filed a notice of appeal.

We sent a letter to appellant on March 13, 2014 to express our concern that we lack jurisdiction because the trial court's order setting aside the default judgment was not appealable. We informed appellant that unless he filed a response showing grounds for continuing the appeal, it could be dismissed for want of jurisdiction.

---

[2]*See* Tex. R. Civ. P. 329b(a).

Appellant has asserted that the "purpose of this appeal is to appeal the lower court's decision to [set aside the default judgment] . . . after the court's plenary power had expired." It appears that the trial court may have acted outside of its plenary power by setting aside the October 4 default judgment on December 30.[3] *See* Tex. R. Civ. P. 329b(d)–(e); *Xiaodong Li v. DDX Group Inv., LLC*, 404 S.W.3d 58, 63 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Hagemann v. Hagemann*, No. 02-08-00045-CV, 2008 WL 755226, at *1 (Tex. App.—Fort Worth Mar. 20, 2008, no pet.) (mem. op.). But an order that is signed outside of a trial court's plenary power and that does not purport to be a final, appealable judgment is properly challenged through a petition for writ of mandamus, not through an appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *Young v. Villegas*, 231 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *K.C. Roofing, Inc. v. Lorenzo*, No. 04-98-00855-CV, 1998 WL 784406, at *1 (Tex. App.—San Antonio Nov. 12, 1998, no pet.) (not designated for publication); *Fenno v. Sam Reece Air Conditioning & Heating, Inc.*, 572 S.W.2d 810, 811 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ). Therefore, because we hold that we do not have jurisdiction to review the interlocutory but possibly void order setting aside the default judgment through this appeal, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *see also Gem Vending, Inc. v. Walker*,

---

[3]An order entered outside of a trial court's plenary power is void. *Pipes v. Hemingway*, 358 S.W.3d 438, 445 (Tex. App.—Dallas 2012, no pet.).

3

918 S.W.2d 656, 658 (Tex. App.—Fort Worth 1996, no writ) ("Mandamus is the appropriate remedy when a trial court enters a void order for new trial outside its plenary power.").

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DAUPHINOT, J., concurs without opinion.

DELIVERED:  April 17, 2014