William GOODE, Appellant,

v.

AVIS RENT–A–CAR, INC., Appellee.

No. 01–91–00703–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 25, 1992.

Rehearing Denied July 16, 1992.

Ken Goode, Houston, for appellant.

Randall D. Wilkins, Elton L. Brownshadel, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and DUGGAN, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a summary judgment against the defendant, William Goode, awarding the plaintiff, Avis Rent-a-Car, Inc., $3000 in damages and $1000 in attorney's fees.

Avis sued Goode alleging that he entered into a written contract for the rental of one of Avis' cars and that the car was damaged in a collision during the rental period. Avis further alleged that Goode breached that portion of the contract that provided that Goode would pay for any loss or damage to the rented car regardless of fault. Avis sought $3000 in damages as the reasonable cost to repair the car and an unspecified amount in attorney's fees.

Avis filed a motion for summary judgment. The trial court granted the motion and signed a judgment that states the following:

> [A]ll parties proceeded with the said summary judgment by submission, the cause of action of Plaintiff being based on *negligence* as specified in Plaintiff's Original Petition, which is incorporated herein, *haec verba*, the cause of action being heard and fully understood by the Court, it is the opinion of the Court that Defendant, WILLIAM GOODE, is indebted to the Plaintiff in the principal sum of $3000.00, plus $1,000.00 attorney fees, together with interest from the date of judgment at the rate of ten percent (10%) per annum;
>
> It is therefore ORDERED, ADJUDGED, and DECREED by the Court that Plaintiff, AVIS RENT A CAR, INC., do have and recover of and from Defendant, WILLIAM GOODE, judgment in the sum of $3,000.00, plus $1,000.00 attorney fees, together with interest at the rate of ten percent (10%) per annum from the date of judgment and all costs of

Court, for all of which let execution issue.

(Emphasis added.)

■ Goode contends in his first point of error that the trial court erred in granting the summary judgment on a cause of action not addressed in Avis' motion for summary judgment. Specifically, he contends that the summary judgment was granted on the theory of negligence, which was not pled in the original petition nor mentioned in the motion for summary judgment. Goode's assertion that a summary judgment may not be granted on a cause of action not addressed in the motion for summary judgment is correct. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983) (summary judgment was erroneously granted on three causes of action that were pled in original petition, but were not attacked in the defendant's motion for summary judgment).

■ However, we do not interpret the judgment to be based upon a cause of action that was not addressed in the motion for summary judgment. The validity of a summary judgment does not rest in, nor is it controlled or qualified by, the recitals, it is only the decretal portion of the judgment that operates as an adjudication of the cause. *Taylor v. Taylor*, 747 S.W.2d 940, 944 (Tex.App.—Amarillo 1988, writ denied). The judgment does not expressly state the theory upon which the trial court based the awards. "Negligence" is merely used to describe Avis' cause of action in the recital portion, and the cause of action is more further described in the plaintiff's petition which was incorporated *haec verba*, meaning word for word. The petition clearly states the cause of action is based on contract.[1]

The decretal portion awards damages and attorney's fees which are not recoverable in a negligence case. *Fowler v. One Seguin Art Center*, 617 S.W.2d 763, 765 (Tex.Civ.App.—Houston [14th Dist.] 1981,

---

1. Subsequent to the appeal of this case, the trial court signed what is entitled "Judgment Nunc Pro Tunc" which purportedly corrects those portions about which appellant now complains. Since we find the original judgment is sustainable on appeal, we will not address the merits of the nunc pro tunc.

writ ref'd n.r.e.). We cannot conclude from the trial court's erroneous use of "negligence" to describe Avis' cause of action that it disregarded the only cause of action alleged in the original petition and motion for summary judgment, advanced its own theory for imposing liability upon the defendant, and then made an award of attorney's fees inconsistent with its own theory.

We overrule appellant's first point of error.

Goode contends in his second point of error that the trial court erred in granting the summary judgment because he received no notice of the date set for the hearing on Avis' motion for summary judgment.

Avis was required to give notice of the hearing date for its motion for summary judgment at least 21 days before the hearing. TEX.R.CIV.P. 166a(c). Rule 166a does not mandate an oral hearing in all cases, *Gordon v. Ward*, 822 S.W.2d 90 (Tex. App.—Houston [1st Dist.], writ denied); *Martin v. Cohen*, 804 S.W.2d 201 (Tex. App.—Houston [14th Dist.] 1991, no writ); therefore, the primary purpose of the notice required by rule 166a(c) is to allow the nonmovant to calculate the date by which he must file a written response or opposing affidavits. *See Tafollo v. Southwestern Bell Tel. Co.*, 738 S.W.2d 306, 307 (Tex. App.—Houston [14th Dist.] 1987, no writ).

■ Goode concedes that on May 3, 1991, he received a copy of an unsigned order of the court setting the hearing for May 31, 1991. The order was attached to the motion for summary judgment and had been signed as approved by Avis' lawyer. Goode asserts, however, that since there was no judge's signature, there was no notice. We do not agree.

The unsigned order was sufficient to provide notice of the hearing to Goode. First, Goode has cited no authority that requires rule 166a(c) notice to be signed by the trial court. Second, Goode had actual notice of the hearing date. "Actual notice" embraces those things that a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed. *Robert Parker's Truck and Trailer Re-*

*pair, Inc. v. Speer*, 722 S.W.2d 45, 48 (Tex. App.—Houston [1st Dist.] 1986, no writ). Goode's response to the motion for summary judgment was timely filed, and the hearing was held on May 31, 1991. The notice requirement of rule 166a(c) was satisfied. *See Trevino v. Hidalgo Publishing Co.*, 805 S.W.2d 862, 863 (Tex.App.—Corpus Christi 1991, no writ) (holding that notice was sufficient, the court emphasized that 1) there was no showing of injury or prejudice to the appellant resulting from the method used for giving notice, and 2) that counsel had actual notice of the hearing).

Although Goode made no postjudgment motion to the trial court complaining of the notice, we address the merits of his second point of error. This was done because we interpreted his point as asserting no notice and not inadequate notice. Had the point been a complaint of inadequate or insufficient notice, Goode's lack of complaint in the trial court would have resulted in a waiver of this point on appeal. TEX. R.APP.P. 52(a).

The second point of error is overruled.

The judgment is affirmed.