Affirmed and Opinion filed June 6, 2002













Affirmed and
Opinion filed June 6, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-00767-CV

_______________

 

DOV AVNI
KAMINETZKY, Appellant

 

V.

 

DOSOHS I, LTD., Appellee

_____________________________________________

 

On Appeal from
the 125th District Court

Harris County, Texas

Trial Court
Cause No. 01-00999

_____________________________________________

 

O P I N I O N

            In
eleven issues, Dov Avni Kaminetzky, appellant, appeals the dismissal of his
trespass-to-try-title lawsuit.  We
affirm.  

                                                               Background

            Kaminetzky
claims to be an 18% owner of a car wash, a status he received by assignment
from the car wash’s original owners. 
Allegedly, the original owners used the car wash as collateral for a
loan, which they did not repay when the note matured.  The original owners declared bankruptcy in
1995, and Dosohs I, Limited allegedly became the note
holder in 1996.  Dosohs
sued in the bankruptcy court and obtained permission to foreclose upon the car
wash.  Federal appeals, by Kaminetzky and the original owners, were ultimately
dismissed.  Additionally, four state
court actions were filed against Dosohs and others
regarding the car wash.  The first was in
August 1997, a month before the foreclosure. 
Kaminetzky joined the 1997 lawsuit as a
plaintiff after it commenced.  In 1998,
he filed a second lawsuit, alleging the same causes of action as the 1997
case.  The 1998 case was thus
consolidated with the 1997 case.  Dosohs won summary judgment in those cases.  In 1999, Kaminetzky
filed his third lawsuit regarding the car wash.  This third case was dismissed in February
2000.  Kaminetzky
then filed a third party petition against Dosohs in
April 2000 in the 1997 case.  The trial
court dismissed the action in May 2000 and ordered Kaminetzky
to obtain permission from the administrative judge of Harris County before he
filed any other lawsuit regarding the car wash. 

            Kaminetzky
filed this fifth action in January 2001, without having obtained permission
from the administrative judge.  Dosohs moved to dismiss the case, and the trial court
granted its motion in May 2001.  Kaminetzky appeals the dismissal of this fifth action.

                                                        Notice
of Hearing

            In his first issue, Kaminetzky contends his due process rights were violated by
improper notice of the May 10,
 2001 hearing on Dosohs’s motion to
dismiss.  Specifically, he complains that
(1) the trial court or court clerk did not send a notice and (2) the notice of
hearing in Dosohs’s motion was in the form of an
order, which the trial court did not sign. 
However, an unsigned order attached to a motion may be sufficient to
provide notice of a hearing.  See Goode v. Avis-Rent-A-Car, Inc., 832
S.W.2d 202, 204 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (unsigned
order attached to motion for summary judgment and approved by movant’s attorney was sufficient to provide notice).  Additionally, Kaminetzky
fails to cite authority that a notice of hearing must be signed by the trial
court.  See id.  Finally, the record
reflects that Kaminetzky had actual notice of the
hearing.  Dosohs
filed its motion and notice of hearing on May 3, 2001.  The next day,
Kaminetzky filed a motion to continue the “oral
hearing of 5/10/01.”  Actual notice of a hearing may defeat a
party’s appeal for lack of notice and resulting due process violations.  See Ex parte Alloju, 894 S.W.2d 85,
90 (Tex. App.—Houston [14th Dist.] 1995, no writ); Goode, 832 S.W.2d at 204; Trevino
v. Hidalgo Publ’g Co., 805 S.W.2d 862, 863 (Tex.
App.—Corpus Christi 1991, no writ). 
Accordingly, we overrule issue one.

                                                    Kaminetzky’s Motions

            In his second, third, and fourth
issues, Kaminetzky contends the trial court erred in
denying his motion to continue the dismissal hearing, in denying an evidentiary
hearing, and in denying a request for a formal record.  Dosohs responds
these issues are waived on appeal because there are no rulings reflected in the
record.  To preserve error for appeal,
the record must show that the trial court ruled on the request or motion either
expressly or implicitly.  Tex. R. App. P. 33.1 (a)(1)(B)(2).  Nothing in the record reveals a ruling on
these motions.  Therefore, Kaminetzky has waived error for issues two, three, and
four.  Id.; see Smith v. Grace, 919 S.W.2d 673, 678
(Tex. App.—Dallas 1996, writ denied) (addressing Rule 52(a), now Rule 33.1).

                                                     Pre-Answer
Dismissal

            In his fifth issue, Kaminetzky contends it was error to consider Dosohs’s motion before it filed an answer to the
lawsuit.  However, Kaminetzky
provides no authority to support this contention.  An issue not supported by authority is
waived.  Casteel-Diebolt v. Diebolt,
912 S.W.2d 302, 304–05 (Tex. App.—Houston [14th Dist.] 1995, no writ).  Accordingly, Kaminetzky
has waived any error on issue five.

                                                 Ex Parte Communication

            In his sixth issue, Kaminetzky contends that the trial court erred in speaking
with another judge, who had previously barred Kaminetzky
from filing any lawsuits about the realty that is the subject of this
suit.  In his seventh issue, Kaminetzky contends the trial court’s communication with
the second judge was improper and resulted in a denial of due process.  However, there is no evidence in the record
of a telephone call or other oral communication between the trial court and a
second judge about this lawsuit.  Kaminetzky had the burden to bring forth a sufficient
record showing error.  See Simon
v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex.
1987).  Without a record, Kaminetzky cannot show error or improper conduct.  Accordingly, we overrule issues six and
seven. 

                                                                   Dismissal

            In his eighth issue, Kaminetzky contends that no evidence supports dismissal of
his case.  We disagree.  We take notice of Rule 3.6 of the local rules
of the Harris County District Courts, which provides:

 

 class=Section2>

 

DISMISSAL DOCKETS: The following cases are eligible
for dismissal for want of prosecution pursuant to T.R.C.P. 165a:

 

. . . .

 

 

 class=Section3>

(c)  Cases in which a party or his attorney has
failed to take any action specified by the court.

 

 class=Section4>

 

The
evidence attached to Dosohs’s motion to dismiss
reveals that Kaminetzky has filed numerous lawsuits
and appeals in federal and state courts about the car wash at issue in this
case.  The evidence also includes a May 25, 2000, district court order
restraining Kaminetzky “from filing any lawsuits
without leave of court from the Administrative Judge of the District Courts of
Harris County, Texas against Dosohs I, Ltd., and any
third parties concerning the real property more specifically described as [the
car wash].”  Kaminetzky
filed this lawsuit about the car wash in January 2001.  Nothing in the record reflects that he
obtained the permission of the administrative judge to do so.  Because the evidence supports the trial
court’s dismissal of this case pursuant to Local Rule 3.6(c), we overrule issue
eight.

                                               Findings
and Conclusions

            In his ninth issue, Kaminetzky contends the trial court erred in failing to
file findings of fact and conclusions of law. 
However, Kaminetzky did not request such
findings and conclusions.  See Tex.
R. Civ. P. 296 (“any party may request the
court to state in writing its findings of fact and conclusions of law.”).  When a party fails to request findings of
fact or conclusions of law, it is implied that the trial court made all the
findings necessary to support its judgment. 
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.
1990).  Because Kaminetzky
did not request them, the trial court was not required to file findings of fact
and conclusions of law.  Accordingly, we
overrule issue nine.

                                                        Vacating
Dismissal

            In his tenth issue, Kaminetzky complains that the trial court erroneously
refused to vacate the dismissal.  He
cites case law that sanctions may not be imposed unless an evidentiary hearing
is conducted and the party to be sanctioned has notice.  Bisby v. Dow Chem. Co.,
931 S.W.2d 18, 21 (Tex. App.—Houston [1st Dist.] 1992) (orig. proceeding).  He also complains that an order assessing
sanctions must set forth good cause with particularity.  Murphy
v. Friendswood Dev. Co., 965 S.W.2d 708, 709 (Tex. App.—Houston [1st Dist.]
1998, no pet.).  However, the trial
court’s order does not state that dismissal was granted as a sanction.  Further, as we have addressed above, evidence
existed for the trial court to dismiss the case pursuant to Local Rule
3.6.  Finally, the record does not reflect
a ruling on Kaminetzky’s motion to vacate.  To preserve error for appeal, the record must
show that the trial court ruled on the request or motion either expressly or
implicitly.  Tex. R. App. P. 33.1 (a)(2). 
Accordingly, we overrule issue ten.

                                                           Final
Judgment

            In his eleventh issue, Kaminetzky asserts that dismissal was not a final judgment
because it did not dispose of any of the substantive issues concerning the car
wash.  A final judgment disposes of all
pending parties and claims in the record. 
Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001)
(addressing finality of summary judgments). 
“Because the law does not require that a final judgment be in any
particular form, whether a judicial decree is a final judgment must be
determined from its language and the record in the case.”  Id.  The dismissal order in this case states, “It
is therefore Ordered that this Cause No. 2001-00999 is in all things
dismissed.”  Thus, the order addressed
the entirety of the case and is final, not interlocutory.  We overrule issue eleven.

            Lastly, we rule on the various
motions and objections filed in this appeal. 
First, we grant Dosohs’s motion to take
judicial notice of Local Rule 3.6.  We
deny Kaminetzky’s motions to take judicial notice
that (1) Dosohs did not confer with him before filing
its motion to dismiss; (2) the dismissal order did not state good cause; and
(3) Kaminetzky did have notice of the May 2000 order
barring him from filing further lawsuits about the car wash.  Next, we grant Kaminetzky’s
request to supplement the record with the items listed in his Index of Exhibits
Included in the Attached Addendum, except for items 21, 22, and 25.  Finally, to the extent Kaminetzky
objects that Dosohs’s post-submission letter brief
attaches documents not contained in the appellate record, we sustain the
objection and disregard the documents.

            Having found waiver or having
overruled all eleven issues, we affirm the judgment of the trial court.

 

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered and Opinion filed
June 6, 2002.

Panel consists of Justice Seymore,
Justice Guzman, and Senior Justice Draughn.[1]

Do Not Publish — Tex. R. App. P. 47.3(b).

 











            [1]           Senior Justice Joe L. Draughn sitting by assignment.