In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00158-CV


______________________________




OLIVER OKOLI, Appellant



V.



TEXAS DEPARTMENT OF HUMAN SERVICES, Appellee




 


On Appeal from the 61st Judicial District Court


Harris County, Texas


Trial Court No. 2001-31783




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Ross



O P I N I O N



 Oliver Okoli appeals from a summary judgment rendered against him on his claim
he was terminated from employment as a caseworker with the Texas Department of
Human Services (TDHS) because he was a whistleblower. TDHS took the position he was
actually terminated for falsifying documents, being abusive to a fellow employee, and
failing to meet job performance standards. 

 Okoli has brought five points of error in which he contends the trial court erred by
granting TDHS' motion for summary judgment


 on a motion filed outside the time provided by the court's docket control order;
 without considering his response, because he had a good excuse for the delay in
filing his response: he was out of the country due to the death of his mother;
 without first ruling on TDHS' special exception to his petition; and
 the court erred by granting a no-evidence judgment based on TDHS' allegation that
Okoli could not provide evidence of the "but for" causation requirement.


 Okoli was a caseworker employed by TDHS for seven years. He was terminated
May 6, 1998. There is summary judgment evidence that, before his termination, he had
been the subject of an unfavorable job performance review and that he was placed on
"corrective action." There is evidence that, when that occurred, he went to the office of his
immediate supervisor, Brendell Carroll, and confronted her about perceived unfairness in
the way she treated him, and argued about her descriptions of some of his cases as being
improperly handled. He behaved in such a manner as to make her feel physically
threatened. The next day, another meeting took place between Okoli and Carroll, along
with her supervisor, John Robinson. Robinson then pulled twenty-five of Okoli's files at
random, and the evidence shows that many of those cases had problems, in some
instances of a type of document "falsification" about which Okoli had been previously
warned. (1) 

 Okoli originally filed a Title VII lawsuit against the agency in federal court, claiming
sexual harassment and national origin discrimination. The federal court entered a
summary judgment in favor of the agency, disposing of the claims over which it had
jurisdiction. This suit was filed June 22, 2001, in state court under the Texas
Whistleblower Act. (2) Mediation was attempted and failed. 

 On June 7, 2002, TDHS filed a motion for summary judgment, along with a
document entitled "Notice of Submission." On June 21, Okoli filed a motion pursuant to
Tex. R. Civ. P. 166a(g) to continue the ruling on the motion for summary judgment, alleging
that all witnesses had not been deposed and that some would be called live at trial who
possessed information that would rebut TDHS' basis for summary judgment. On June 27,
TDHS filed a response to Okoli's motion for continuance. On July 12, the court denied
Okoli's motion for continuance and granted TDHS' motion for summary judgment. Okoli
filed a response to the motion for summary judgment three days later, on July 15.

 In his first point of error, Okoli generally complains he did not have effective notice
of the date on which TDHS' motion for summary judgment would be heard by the trial
court. The "Notice of Submission" that TDHS filed with its motion for summary judgment
June 7 reads as follows:

 PLEASE BE ADVISED that on the 1st day of July, 2002, at 9:00 a.m.
the following matter will be presented to the Court for consideration without
argument of counsel [sic]


 Defendant's Motion for Summary Judgment which was filed on
June 7, 2002 [sic]


 The Texas Supreme Court has held that a trial court must give notice of the
submission date for a motion for summary judgment, because this date determines the
date the nonmovant's response is due. Martin v. Martin, Martin & Richards, Inc., 989
S.W.2d 357, 359 (Tex. 1998). Failure to give notice of the submission date for a motion
for summary judgment constitutes error. Id. However, the trial court renders such error
harmless when the court considers the nonmovant's response and reconfirms its ruling. 
Id.

 Neither circumstance exists in this case. Okoli contends that, if any date was ever
set by the trial court for hearing on the motion, he was never informed of that date. The
record confirms his contention. It contains no date set for a hearing, as is expressly
required by Tex. R. Civ. P. 166a(c), or for "submission." TDHS' notice of submission only
says that its motion would be presented to the court for consideration. The document
neither implies nor states the court has set the case for submission on that date. In the
absence of that critical information, the document does not provide the notice necessary. 

 We do recognize there are cases holding a "notice of hearing" is sufficient even
though a proposed order referencing a time and date for hearing does not include the
judge's signature. See West v. Maint. Tool & Supply Co., 89 S.W.3d 96, 102 (Tex.
App.-Corpus Christi 2002, no pet.); Goode v. Avis Rent-A-Car, Inc., 832 S.W.2d 202, 204
(Tex. App.-Houston [1st Dist.] 1992, writ denied). The Corpus Christi court in West also
extended into a summary judgment context language in which the Texas Supreme Court
held (in the context of a trial setting) that a letter requesting a specific date for a trial or
hearing, when a copy of that letter is sent to the opposing parties, is itself sufficient notice
of the setting on that date, because it is generally reasonable to assume that, if a particular
setting is requested, the litigants are put on notice that trial or hearing may be had on that
requested date. Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978).

 The instant case does not fit within that mold. There is a notice filed by TDHS
stating the motion would be presented to the trial court. There is nothing to suggest the
court had agreed to set the motion for hearing, and we are reluctant to adopt a position that
a motion may be set for hearing by the unilateral decision of a party to a lawsuit without an
acknowledgment of the date of setting by the trial court before which the motion would be
heard.

 Further, although we recognize that the docketing sheet is not typically probative,
we also note that it contains no reference to any setting of the motion for submission and
hearing, but merely reflects that the motion was eventually granted.

 Because we sustain Okoli's contention he did not receive effective notice of the date
on which TDHS' motion for summary judgment would be heard, we find it unnecessary to
address his other contentions.

 We reverse the summary judgment and remand to the trial court for further
proceedings.



 Donald R. Ross

 Justice


Date Submitted: August 29, 2003

Date Decided: September 9, 2003

1. The "falsification" involves the use by Okoli of a generic denial code in situations
where specific coding was available under the facts of that request for benefits. The
evidence shows that caseworkers are to use that code only in situations where no other
informational denial code applies and that misuse of the generic code is considered a
falsification of official documents.
2. Tex. Gov't Code Ann. § 554.001, et seq. (Vernon 1994 & Supp. 2003).


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00068-CR

                                                ______________________________

 

 

                                        HOMER C. SWARN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 241st
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 241-1260-10

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Homer
C. Swarn appeals from his conviction in a Smith
County[1]
jury trial for aggravated assault with a deadly weapon.  Swarn pled guilty,
and he also pled true to an enhancement. 
Punishment was assessed by a jury at seventy-five years imprisonment
and a $10,000.00 fine.  

            Swarns attorney on appeal has filed a brief which
discusses the record and reviews the proceedings in detail.  Counsel has thus provided a professional
evaluation of the record demonstrating why, in effect, there are no arguable
grounds to be advanced.  This meets the
requirements of Anders v. California,
386 U.S. 738 (1967); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1981); and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Swarn on
July 15, 2011, informing Swarn of his right to file a
pro se response and of his right to review the record.  No response has been filed.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerks
record and the reporters record, and find no genuinely arguable issue.  See Halbert v. Michigan, 545 U.S. 605, 623 (2005).  We therefore agree with counsels assessment
that no arguable issues support an appeal. 
See Bledsoe v. State, 178
S.W.3d 824, 82627 (Tex. Crim. App. 2005). 


            We
affirm the judgment of the trial court.[2]

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          September 29, 2011

Date
Decided:             September 30, 2011

 

Do
Not Publish

 











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See
Tex. Govt
Code Ann. § 73.001 (West 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See Tex.
R. App. P. 41.3.





[2]Since we agree this case presents no reversible error,
we also, in accordance with Anders,
grant counsels request to withdraw from further representation of appellant in
this case.  No substitute counsel will be
appointed.  Should appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, appellant
must either retain an attorney to file a petition for discretionary review or
appellant must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing or for en banc reconsideration was overruled by
this Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal
Appeals.  See Tex. R. App. P.
68.3. (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104,
effective Sept. 1, 2011).  Any petition
for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.