Opinion issued July 12, 2007

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00487-CV






BELTWAY GREEN PARTNERSHIP, LTD., DAVID HAMILTON, JAB
DEVELOPMENT CORPORATION, and BELTWAY GREEN, INC.,
Appellants


V.


ARBOR CAPITAL AND INVESTMENTS COMPANY, INC., Appellee






On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 2003-51526






MEMORANDUM OPINION

 Appellants, Beltway Green Partnership, Ltd., David Hamilton, JAB
Development Corporation, and Beltway Green, Inc. (collectively Beltway Green),
bring this restricted appeal from the trial court's orders granting partial summary
judgment and final judgment in favor of appellee Arbor Capital and Investments
Company, Inc. (1) The trial court granted three motions for partial summary judgment
in December 2005. In February 2006, stating that the partial motions for summary
judgment had disposed of all issues between the parties, the trial court entered final
judgment in excess of $21 million in favor of Arbor. Beltway Green contends that
the trial court erred by granting motions for summary judgment because Arbor mailed
the motions to the wrong address. Arbor responds that it properly served all summary
judgment documents by mailing them to the last known address of all appellants. We
conclude that the face of the record before us demonstrates error in service of Arbor's
motions for summary judgment. We reverse and remand. We also deny all motions
carried with this appeal.

Background

 Beltway Green Partnership, Ltd. (the Partnership) was the original plaintiff in
this lawsuit. The Partnership filed suit in September 2003 in order to remove a cloud
on the title of a 310-acre tract of real property in Harris County that it claimed to own
outright. The original defendant was Mary Beth Clawson, trustee of a number of
trusts, who filed a document entitled "Declaration of Ownership" in the real property
records of Harris County in which she claimed one-third ownership in the property
on behalf of the trusts she represented. Clawson answered, filed a counterclaim
against the Partnership, and asserted third-party actions against a number of parties
including Hamilton, JAB, and Beltway Green, Inc. The Partnership then amended its
petition to assert additional causes of action against a new group of defendants that
included Arbor, a company owned by Clawson as the trustee. 

 At some point after the formation of the Partnership, Hamilton hired Barry
Goldberg "to represent me in the day-by-day activities dealings [sic] with Beltway
Green to act as an emmisary in all phases and negotiations and anything that arised
[sic] concerning this property." In October 2003, Beltway Green transferred the
property to Pasadena Gateway Ventures, a company formed by Goldberg. The sale
price was approximately $7.5 million. Arbor contends that this sale contravened a
directive of the trial court not to sell the property.

 In November 2004, after several months of pretrial proceedings, Beltway
Green's counsel, Bradford Irelan, filed a motion to withdraw in which he asserted that
Beltway Green had failed to pay attorney's fees. The motion stated that the "last
known address" for all appellants was 316 North John Young Parkway, Kissimmee,
Florida, 34747. In an order that granted Irelan's motion to withdraw, the trial court
repeated that the last known address for all appellants was 316 North John Young
Parkway, Kissimmee, Florida, 34747. After Irelan withdrew, the record indicates that
Beltway Green did not respond to Arbor's filings, nor did it file any papers of its own.

 In March 2005, Arbor purported to serve identical sets of 253 requests for
admission on each appellant. Registered mail documents later offered as summary
judgment evidence indicated that some sets of requests for admission were not sent
to the "last known address" listed in Irelan's motion to withdraw. Also in March
2005, Arbor filed an "Amended Answer, Counterclaim and Cross Claim and Cross-Plaintiff's Supplemental Cross-Action, Counterclaim, Answer and Application for
Relief Under the Fraudulent Transfer Act." This pleading was Arbor's live pleading
at the time that the trial court rendered summary judgment. The certificate of service
attached to this pleading indicates that it was sent to all of the present appellants at
an address that differed from the "last known address" listed in Irelan's motion to
withdraw.

 On November 17, 2005, Arbor filed three motions for summary judgment: 

 (1) a no-evidence and traditional motion for summary judgment on
Beltway Green's claims of conversion, breach of fiduciary duty,
and declaratory relief; 


 (2) a traditional motion for summary judgment on Arbor's own
claims of actual and constructive fraud, conversion, breach of
contract, violations of the Uniform Fraudulent Transfer Act
(UFTA), breach of fiduciary duty, tortious interference,
conspiracy, self-dealing, and unjust enrichment, for which it
sought both actual and punitive damages; and


 (3) a no-evidence and traditional motion for summary judgment on
Beltway Green's affirmative defenses of limitations, failure of
consideration, statute of frauds, release, res judicata, estoppel, and
unclean hands. 


Also on November 17, Arbor filed three notices of submission, one for each motion
for summary judgment, that informed Beltway Green that the motions for summary
judgment were set for submission on December 12, 2005. The notices of submission
indicate that they were sent to Beltway Green's last known address as stated in
Irelan's motion to withdraw. The certificates of service accompanying the motions
for summary judgment, however, listed a different address.

 Beltway Green did not respond to Arbor's motions for summary judgment, nor
did it appear in court or participate in the ensuing proceedings in any way. The trial
court granted all three motions for partial summary judgment on December 15, 2005. 
In February 2006, the trial court, without a written motion asking it to do so, entered
a final judgment stating that, because it had granted the three motions for summary
judgment, "[t]he Court finds that all issues between all parties in this lawsuit are
hereby resolved." The final judgment awarded Arbor $7,422,723 in actual damages,
$2,654,241 in attorney's fees, and $10,000,000 in punitive damages, as well as pre-
and post-judgment interest. The total award including pre-judgment interest was
$21,084,660. Beltway Green did not file a motion for new trial. On May 15, 2006,
it filed a timely notice of restricted appeal.


Restricted Appeal

 A restricted appeal is a direct attack on a judgment. Roventini v. Ocular Scis.,
Inc., 111 S.W.3d 719, 721 (Tex. App.--Houston [1st Dist.] 2003, no pet.). The
elements necessary to succeed on a restricted appeal are: (1) the notice of restricted
appeal must be filed within six months after the judgment is signed; (2) by a party to
the lawsuit; (3) who neither participated in the hearing that resulted in the judgment
nor filed a timely post-judgment motion or request for findings of fact and
conclusions of law; and (4) the face of the record must disclose the claimed error. See
Norman Commc'ns v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997);
Roventini, 111 S.W.3d at 721; see also Tex. R. App. P. 30 (restricted appeals replace
writs of error); Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848-50 (Tex. 2004)
(applying writ of error precedent, Gen. Elec. Co. v. Falcon Ridge Apts., Joint Venture,
811 S.W.2d 942, 943-44 (Tex.1991), to case involving restricted appeal). It is
undisputed that Beltway Green complied with the first three elements.

 The fourth element, whether the face of the record discloses the claimed error,
is the pertinent element in the present restricted appeal. Although review by
restricted appeal affords review of the entire case and thus permits the same scope of
review as an ordinary appeal, the face of the record must reveal the claimed error. 
See Norman Commc'ns, Inc., 955 S.W.2d at 270 (decided under writ-of-error
practice); Roventini, 111 S.W.3d at 721. The face of the record in a restricted appeal
consists of the papers on file with the court when it rendered judgment. Gen. Elec.
Co., 811 S.W.2d at 944; Roventini, 111 S.W.3d at 721-22. Accordingly, in our
review of matters on restricted appeal, we may not consider as part of the record any
evidence or documents that were not before the trial court when it rendered judgment. 
See Gen. Elec. Co., 811 S.W.2d at 944; Roventini, 111 S.W.3d at 722.Proper Service

 In its third issue, Beltway Green contends that Arbor's motions for summary
judgment were not properly served because they were sent to the wrong address, and
even if they were sent to a proper address, they were not timely served. Arbor asserts
that no error is apparent from the face of the record, and that the record shows that it
sent the motions for summary judgment to the last known address of all appellants.

A. Rules of Service Must Be Strictly Construed

 Because summary judgment is a harsh remedy, we must strictly construe the
notice requirements of the rules of civil procedure. Etheredge v. Hidden Valley
Airpark Ass'n, Inc., 169 S.W.3d 378, 383 (Tex. App.--Fort Worth 2005, pet. denied). 
The rules of civil procedure require that motions for summary judgment be filed and
served on the non-movant at least 21 days before the time specified for hearing. Tex.
R. Civ. P. 166a(c); Etheredge, 169 S.W.3d at 381. The non-movant is also entitled
to proper notice of a summary judgment hearing. See Etheredge, 169 S.W.3d at 381;
see also Tex. R. Civ. P. 21a. Notices and motions may be served by delivering a copy
to the party to be served by certified or registered mail. Tex. R. Civ. P. 21a & 166a;
Etheredge, 169 S.W.3d at 381. Service by mail must be sent to the party's last known
address. Tex. R. Civ. P. 21a., Etheredge, 169 S.W.3d at 381. 

 Service by mail is complete upon deposit of the papers to be served, enclosed
in a postpaid, properly addressed wrapper, in a post office or official depository under
the care and custody of the United States Postal Service. Tex. R. Civ. P. 21a.,
Etheredge, 169 S.W.3d at 381. A certificate by a party or an attorney of record is
prima facie evidence of the fact of service. Tex. R. Civ. P. 21a; Etheredge, 169
S.W.3d at 381. 

 We presume that notice of hearing or submission of motions for summary
judgment, when properly mailed, was received by the addressee. See Tex. R. Civ. P.
21a; Etheredge, 169 S.W.3d at 381. An appellant may offer proof that the notice or
instrument was not received, or, if service was by mail, that it was not received within
three days from the date of deposit in a post office. See Tex. R. Civ. P. 21a;
Etheredge, 169 S.W.3d at 381. For example, notice of hearing setting sent by
certified mail and returned "unclaimed" does not provide the notice required by Rule
21a. See Etheredge, 169 S.W.3d at 382. 

B. Evidence of Service on the Face of the Record

 Beltway Green asserts that the address identified as the "last known address"
in Irelan's motion to withdraw and in the trial court's order granting Irelan's motion
includes an incorrect zip code and does not include the proper suite number for
Hamilton's Florida office. Beltway Green further directs our attention to a set of
purportedly correct addresses for each appellant, and asserts error in each of the
various addresses that Arbor used in its mailings. Arbor contends that it was entitled
to rely on the "last known address" provided by Beltway Green's former counsel. 
Arbor has not responded to Beltway Green's other allegations of service to incorrect
addresses. (2)

 The record as it stood before the trial court at the time summary judgment was
entered contained at least seven different addresses for Beltway Green. Only two
concern us here. The notices of submission sent on November 17, 2005, indicate that
they were sent to "316 North John Young Parkway, Kissimmee, Florida 34747," the
same address that was included in Irelan's motion to withdraw and in the trial court's
order granting that motion. The motions for summary judgment themselves are
accompanied by identical certificates of service, all of which state that the motions
were served by mail to "316 N. Young Parkway, Kissimmee, Florida, 34741." (3) 
Beltway Green asserts that Arbor knew it was effecting service by mail to an incorrect
address. Arbor asserts that it was entitled to rely on the statement by Beltway Green's
withdrawing attorney. 

 We need not determine to which address Arbor ought to have effected service,
because whichever address was "correct," the face of the record shows that Arbor
served notice of submission to one address, and served its motions for summary
judgment to a different address. (4) To be entitled to summary judgment, the movant
must comply with all the requirements of Rule 166a. Etheredge, 169 S.W.3d at 383;
Rozsa v. Jenkinson, 754 S.W.2d 507, 509 (Tex. App.--San Antonio 1988, no writ). 
Rule 166a requires that "[e]xcept on leave of court, with notice to opposing counsel,
the motion and any supporting affidavits shall be filed and served at least twenty-one
days before the time specified for hearing." Tex. R. Civ. P. 166a(c). The supreme
court has interpreted this portion of the rule as granting the non-movant a "right . . .
to have minimum notice of the hearing." Lewis v. Blake, 876 S.W.2d 314, 315 (Tex.
1994). Here, the face of the record establishes that notice was sent to one address,
and the motions themselves to a different address.

 We strictly construe the notice requirements of the rules of civil procedure. See
Etheredge, 169 S.W.3d at 383. We also will strictly construe the supreme court's
requirement that notice of the hearing be timely served on the non-movant, see Lewis,
876 S.W.2d at 315, in addition to the Rule 166a's explicit requirement that the motion
be timely served on the non-movant. See Tex. R. Civ. P. 166a(c). Where the record
establishes that the address to which papers are mailed is not the correct address,
there is error on the face of the record. Transoceanic Shipping Co., Inc. v. Gen.
Universal Sys., Inc., 961 S.W.2d 418, 420 (Tex. App.--Houston [1st Dist.] 1997, no
writ) (distinguishing Robert S. Wilson Invs. No. 16 Ltd. v. Blumer, 837 S.W.2d 860
(Tex. App.--Houston [1st Dist.] 1992, no writ)). An error in a street address is
reversible error, however minor that error might be. See Rozsa, 754 S.W.2d at
507-08 (holding that party was not properly served when motions for summary
judgment were incorrectly addressed to apartment 2713 instead of 27B). Because the
face of the record shows that the motions for summary judgment were sent to one
address and that the notices of submission of those motions were sent to a different
address, we conclude that at least one of those sets of papers cannot have been
properly served, whatever the proper address for service might be. Because the Rules
of Civil Procedure require that the non-movant be served with a copy of the motion
for summary judgment and with notice of a hearing on or submission of the motion,
see Lewis, 876 S.W.2d at 315 and Tex. R. Civ. P. 166a(c), we hold that there is error
of service on the face of the record. (5)

 In its brief, Arbor suggests that Beltway Green is required to establish that
improper service is "injurious or prejudicial"--in other words, that we should conduct
a harm analysis on its improperly addressed summary judgment mailings. We
conclude that such an analysis is inappropriate in the present case. In Goode v. Avis
Rent-A-Car, cited by Arbor, this Court stated that the principle of "actual
notice"--which "embraces those things that a reasonably diligent inquiry and
exercise of the means of information at hand would have disclosed"--applied to
notice of a hearing on a motion for summary judgment. 832 S.W.2d 202, 204 (Tex.
App.--Houston [1st Dist.] 1992, writ denied). We held that notice of a hearing on
a motion for summary judgment was sufficient under circumstances that showed that
the non-movant received notice and a copy of the motion, and that the trial court's
failure to sign the notice did not constitute reversible error. Id. Here, however, Rule
166a(c) states that the motion for summary judgment must be served, and Lewis states
that the non-movant is entitled to notice of the hearing. See Tex. R. Civ. P. 166a(c);
Lewis, 876 S.W.2d at 315. Beltway Green, unlike the appellant in Goode, has shown
that Arbor has failed to meet the requirements of proper service of summary judgment
papers. Furthermore, the non-movant in Goode timely filed a response to the motion
for summary judgment, establishing that sufficient notice had been provided by the
movant. Goode, 832 S.W.2d at 204. Here, Beltway Green did not respond or
participate in summary judgment proceedings in any way, and there is no evidence
on the face of the record that Arbor provided sufficient notice to enable Beltway
Green to timely respond. (6) We conclude that the posture of Goode is distinguishable
from the present case, and therefore that Goode is not dispositive of Beltway Green's
complaints of improper service. (7)

 The face of the record before us reflects that either Arbor's motions for
summary judgment or its notices of submission were not properly served on Beltway
Green. The record therefore does not establish strict compliance with the rules of
civil procedure that require service of both the motions and notice of submission of
the motions. We hold that the face of the record in this restricted appeal establishes
that Arbor has not complied with the rules of civil procedure relating to service of
summary judgment. We therefore sustain Beltway Green's third issue. (8)

Outstanding Motions

 Three of the parties' motions in this case remain pending before this court:
Arbor's motion for sanctions against Beltway Green, Beltway Green's motion to
reduce the supersedeas bond set by the trial court, and Arbor's motion to dismiss. We
address each in turn.

A. Sanctions

 Arbor has moved that we award sanctions against Beltway Green pursuant to
Rule 45 of the rules of appellate procedure, which states that 

 If the court of appeals determines that an appeal is frivolous, it may--on
motion of any party or on its own initiative, after notice and a reasonable
opportunity for response--award each prevailing party just damages. In
determining whether to award damages, the court must not consider any
matter that does not appear in the record, briefs, or other papers filed in
the court of appeals.


 In determining whether an appeal is frivolous, we apply an objective test.
Mailhot v. Mailhot, 124 S.W.3d 775, 778 (Tex. App.--Houston [1st Dist.] 2003, no
pet.). We review the record from the viewpoint of the advocate and ask whether the
advocate had reasonable grounds to believe the judgment could be reversed. Id. We
exercise prudence and caution and deliberate most carefully before awarding
appellate sanctions. Id.

 Because we have reversed the judgment of the trial court, we conclude that
Beltway Green had reasonable grounds to believe the judgment of the trial court
could be reversed. We deny Arbor's motion for sanctions.

B. Supersedeas Bond

 Beltway Green has moved that we reduce the supersedeas bond set by the trial
court at $3,500,000 for all four appellants to $100 for each appellant and contends,
alternatively, that the trial court should allow a $5 million note currently in the
registry of the court to serve as security for the judgment. Because we have reversed
the judgment against Beltway Green, any supersedeas bond would be discharged by
our disposition of the appeal. See Amwest Sur. Ins. Co. v. Graham, 949 S.W.2d 724,
727 (Tex. App.--San Antonio 1997, writ denied) (holding that when appeal
prosecuted "with effect," such as when judgment is reversed and cause remanded,
there is "no sentence or decree to be performed by the appellant, or award of damages
to be paid by him.") (quoting Harris v. Keoun, 135 S.W.2d 194, 195 (Tex. Civ.
App.--Waco 1939, writ ref'd)). We therefore dismiss as moot Beltway Green's
motion to reduce the supersedeas bond set by the trial court. (9)

C. Arbor's Motion to Dismiss

 Arbor filed with this Court a "Response to Appellants' Motion to Extend Time
to File Appellants' Brief and, in the Alternative, Motion to Dismiss Appeal." Arbor
contends that Beltway Green's motion for extension of time should have been denied
because it failed to provide a reasonable explanation for the extension of time to file
the brief. See Tex. R. App. P. 10.5(b)(1)(C). Arbor further asserted that an extension
of time was inappropriate because of Beltway Green's role in post-judgment
discovery disputes, Beltway Green's failure to file a supersedeas bond, and the
alleged overall frivolity of Beltway Green's appeal.

 Arbor, apparently assuming that we would deny Beltway Green's motion to
extend time, moved that we dismiss Beltway Green's appeal "because the Appellants'
brief was not timely filed, because this appeal is frivolous and for other reasons set
out herein." In the alternative, Arbor moved to dismiss the appeal because Beltway
Green "effectively had no pleadings when the Motions for Summary Judgment were
granted and when the Final Judgment was entered."

 An appeal can be involuntarily dismissed only: 

 (a) for want of jurisdiction; (b) for want of prosecution; or (c) because
the appellant has failed to comply with a requirement of these rules, a
court order, or a notice from the clerk requiring a response or other
action within a specified time.

Tex. R. App. P. 42.3. This Court granted Beltway Green's motions for extension of
time to file its appellate brief, and that brief has since been timely filed. Arbor's
contention that this appeal should be dismissed because Beltway Green's brief was
not timely filed is incorrect. See Tex. R. App. P. 10.5(b), 38.6(d) (modification of
time to file appellate brief). We therefore will not dismiss this case for want of
prosecution. See Tex. R. App. P. 42.3. Furthermore, Arbor's remaining grounds in
its motion to dismiss do not allege either that we lack jurisdiction over the cause or
that Beltway Green has failed to comply with some appellate rule or order of this
Court. See id. Because Arbor has not alleged any valid ground to dismiss under the
appropriate rule of appellate procedure, we deny its motion to dismiss.

 Conclusion


 We hold that the trial court erred by granting summary judgment when the face
of the record reveals that either Arbor's motions for summary judgment or its notices
of submission of those motions were not properly served. We reverse the judgment
of the trial court and remand for further proceedings not inconsistent with this
opinion. We deny all outstanding motions.






 Elsa Alcala

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.
1. The United States Government has intervened in the cause below, asserting an interest
in any funds recovered by Arbor; it has not participated in this appeal.
2. Both parties attempt to bolster their arguments with evidence and testimony
introduced at the trial court's hearings on post-judgment motions. For example, at
oral argument, Arbor's counsel directed our attention to a certified mail "green card"
that was sent to Hamilton at the "last known address" listed in Irelan's motion to
withdraw. This green card bears Hamilton's signature and was date-stamped by the
U.S. Postal Service on December 5, 2005; it appears that the card accompanied the
notices of submission of Arbor's motions for summary judgment.


 This green card contradicts the statement by Beltway Green's counsel at oral
argument that Hamilton received nothing relating to summary judgment until he
received a copy of the final judgment, and also indicates that Hamilton sometimes
received mail sent to the last known address provided by Irelan. It was not before the
trial court at the time final judgment was entered, however; instead, it was introduced
at a post-judgment hearing on Arbor's motion for a turnover order. We may not
review this or any other post-judgment evidence in our analysis of Beltway Green's
restricted appeal, because it was offered after the entry of final judgment and therefore
is not part of the "face of the record." See Gen. Elec. Co. v. Falcon Ridge Apts. Joint
Venture, 811 S.W.2d 942, 944 (Tex. 1991); Roventini v. Ocular Scis., Inc., 111
S.W.3d 719, 721-22 (Tex. App.--Houston [1st. Dist.] 2003, no pet.).
3. Beltway Green asserts that Hamilton's actual address is reflected in a document
entitled "Acceptance or Rejection of the Plan" that accompanied the parties' joint
motion to deposit a disputed $5,000,000 note into the registry of the court. That
document states that Hamilton's address is "316 North John Young Parkway Suite 5,
Kissimmee, Fla. 34741." Nothing on the face of the record indicates that this address
is necessarily any more or less reliable than any of the other addresses in the record,
and we do not reach the question of which of the many addresses before us should be
treated as a "correct" address.


 Beltway Green also contends that we should examine other addresses as proper
addresses for service to the various appellant businesses. We do not reach the
question of whether service on Hamilton was sufficient service on the other
appellants.
4. There is nothing on the face of the record indicating that the address listed on the
certificates of service accompanying the motions for summary judgment was ever a
known address of any appellant. 
5. Nothing on the face of the record supports Arbor's contention at oral argument that
the motions and notices were sent under the same cover. Arbor points to the certified
mail "green card" that appears to have been signed and returned by Hamilton on
December 5, 2005, as evidence that Hamilton received the complained-of summary
judgment papers. We do not consider this evidence because our review of this
restricted appeal is limited to the face of the record before the trial court when it
entered judgment. See Gen. Elec. Co., 811 S.W.2d at 944; Roventini, 111 S.W.3d at
722. Even if we were to consider the "green card," however, it does not match the
address listed on the certificates of service accompanying the motions for summary
judgment, and it does not indicate that the motions were included in the same mailing.
6. We have found no support for Arbor's assertion at oral argument that in deposition
testimony, Hamilton admitted that the summary judgment papers were mailed to his
correct address. To the extent that Arbor contends that Hamilton admitted to
receiving both the notices and the motions, the appellate record establishes that there
was no such testimony before the trial court at the time final judgment was entered. 
Because any such admission would not have been included on the face of the record,
we may not review it. See Gen. Elec. Co., 811 S.W.2d at 944; Roventini, 111 S.W.3d
at 722. 
7. In a supplemental filing with this Court, Arbor directs us to two further cases that we
conclude are distinguishable from the present facts. In Wright Bros. Energy, Inc., v.
Krough, this Court held that there was no error on the face of the record where no
evidence established a correct address for the appellant. 67 S.W.3d 271, 274 (Tex.
App.--Houston [1st Dist.] 2001, no pet.). In this case, we have not concluded that
Beltway Green has established a correct address; instead, we have concluded that the
face of the record establishes that different filings were sent to different, inconsistent
addresses. Our previous holding in Wright Bros. does not affect our present analysis.

 

 Arbor also cites Nguyen v. Short, How, Frels & Heitz, P.C. for the proposition that
if a non-movant receives notice of submission or hearing on a motion for summary
judgment in time to file a response or a motion for continuance prior to the
submission or hearing date, the non-movant must either respond or seek a continuance
in order to preserve error. 108 S.W.3d 558, 560 (Tex. App.--Dallas 2003, pet.
denied). Nguyen, however, deals with the timeliness of a notice, not the sufficiency
of a notice as is before us here. See id. Furthermore, the appellant in Nguyen
appeared at the hearing of which she later complained she lacked notice. See id. at
561. Here, Beltway Green did not participate. Nguyen is both legally and factually
distinguishable from the present case.
8. We need not reach Beltway's remaining issues, in which it asserts that:

 

  the trial court erred by basing summary judgment on deemed
admissions because no proof shows that any of the appellants
ever received requests for admission from Arbor;

 

  the trial court erred by rendering summary judgment based on a
set of deemed admissions that contained contradictory
statements;

 

  the trial court erred by rendering final judgment on damages and
attorneys' fees without notice to Beltway Green and without a
hearing;


  no evidence supports the award of actual damages;

 

  the trial court erred by awarding attorneys' fees under the
Uniform Fraudulent Transfer Act (UFTA) because Arbor
neither pleaded nor proved that it was a creditor of any of the
appellants;

 

  no evidence supports the award of attorney's fees;

 

  no evidence supports the award of punitive damages;

 

  no pleading supports the award of punitive damages;

 

  the trial court erred by rendering final judgment that Beltway
Green take nothing, because Arbor failed to meet its burdens in
its motions for summary judgment; and

 

  the trial court erred by basing summary judgment on requests for
admissions that sought conclusions of law.

 

 We likewise do not reach the issues raised by Arbor in its response, in which it
contends that its summary judgment evidence is legally sufficient to support the
traditional motion for summary judgment; that its no-evidence motion for summary
judgment is sufficient to require Beltway Green to produce more than a scintilla of
evidence on each of its claims; and, that many of Beltway Green's sub-issues attack
a pleading that was not Arbor's live pleading at trial. 

 Finally, we do not reach a further issue, asserted by Beltway Green in its reply brief,
that Arbor's claims relating to the property underlying this case were released.
9. Each appellant has already deposited $100 cash with the trial court in lieu of bond. 
Because Beltway Green has prosecuted its appeal "with effect," the cash deposits are
to be released. Wheeler v. Pavlic, 290 S.W.2d 754, 757 (Tex. Civ. App.--Beaumont
1956, no writ).