



# MEMORANDUM OPINION

No. 04-10-00554-CV

Craig Phillips **HUMMEL**,
Appellant

v.

Christian H. **HUMMEL**, Bettye Jo Hummel, and Charles W. Hummel, Jr.,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 09-09-00118-CVK
Honorable Ron Carr, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  August 31, 2011

REVERSED AND REMANDED

This appeal arises from Craig Phillips Hummel's ("Craig") suit against Christian H. Hummel, Bettye Jo Hummel, and Charles W. Hummel, Jr. (the "appellees") for specific performance of an alleged oral contract for the sale of real property, or alternatively for reimbursement of money expended to improve the real property. The appellees filed a motion for summary judgment on Craig's claims and on their counterclaim for quiet of title. The trial court granted the Appellees' motion for summary judgment. We reverse and remand.

**BACKGROUND**

In 1999, the Appellees purchased the remaining shares of their late father's ranch in Karnes County, Texas, from their relatives, including Craig. Later that year Craig moved onto a portion of the property and claims he entered into an oral agreement with the appellees to purchase the property. In 2009, Craig filed suit seeking to partition the ranch, asserting he owned a one-third interest based on an alleged oral agreement. Craig later amended his petition to allege the appellees breached the oral contract to deed him a one-third interest in the property that he had resided on and improved since 1999.

The Appellees filed a hybrid no-evidence and traditional motion for summary judgment, asserting an oral contract for the sale of a one-third interest in the ranch is barred by the statute of frauds, there is no evidence of a valid contract, and no evidence of any damage caused by an alleged breach of contract. They also sought summary judgment on their counterclaim to quiet title.

The summary judgment motion was heard on May 20, 2010. On the morning of the hearing, Craig's counsel filed an objection to the hearing based on lack of notice. Craig also filed a response to the motions for summary judgment. The trial court overruled Craig's objection, denied his oral request for leave to file a late response to the motion for summary judgment, and granted the Appellees' motion for summary judgment.

**DISCUSSION**

*Notice of Motion for Summary Judgment Hearing*

In his first two points of error, Craig contends the trial court erred in finding the notice requirements of Texas Rule of Procedure 166(a)(c) and 21(a) were met and that his due process rights were violated because he did not receive proper notice of the summary judgment hearing.

Craig's written objection to the setting stated "Craig Hummel objects to any consideration of Respondents' No Evidence and Traditional Motion for Summary Judgment due to Movants' failure to provide any notice of a date for oral hearing or submission" of the motion. Craig's counsel also proffered an affidavit that stated in pertinent part:

> Until 3:40 p.m. on May 19th, 2009, I was unaware of any court setting for 9:00 a.m. on May 20th, 2010, and inquired as to whether there were any setting [sic] I was unaware of and after she [court clerk] checked the file and the scheduling order, she informed me there were no setting [sic] in the instant case. I have received no notice on any hearing or submission date for the Motion for Summary Judgment filed on April 30th, 2010 by Respondents therefore I objects [sic] to consideration of that motion by the Court without proper advance notice.

Craig's counsel stated she had reviewed the transcript from the previous hearing in the case and "I went back and reviewed the transcript because I didn't understand there'd be a hearing or a setting for today." Counsel also stated that on the date of the previous hearing the motion for summary judgment had not been filed. The court responded that notice was given in open court. Counsel acknowledged she recalled the conversations but remarked she thought "I would get notice of a date we were scheduled." The court overruled Craig's objection stating, "I believe . . . I said that there would be no further notices given since it was given face to face."

The trial court granted the motion for summary judgment, and Craig filed a motion for new trial. At the hearing on the motion for new trial, the trial court placed Craig's counsel under oath and questioned her regarding notice of the motion for summary judgment setting. Counsel testified she had heard about the setting "on the street." She said this prompted her to call the district clerk who initially told her from reviewing the file and the scheduling order there was no setting on May 20th. Counsel went on to state that the clerk called the next day and told her the trial court had called her and said there was a hearing on the 20th. In response to the trial court's questions, Craig's counsel stated it was her position the oral notice was ineffective because "[o]n

the 16th I did not get notice that we were going to have a hearing on the summary judgment because the summary judgment had not been filed on the 16th of April."

The record is clear Craig did not receive written twenty-one days notice of the motion for summary judgment hearing. On April 16, 2010, the trial court only informed Craig's counsel that any hearing on a possible motion for summary judgment would be set for May 20th. The record reflects the motion was not filed until April 30th and it did not include any information regarding a setting.

Summary judgment is a harsh remedy and must be strictly construed. *See Balawajder v. Tex. Dept. of Criminal Justice Inst'l Div*., 217 S.W.3d 20, 28 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 383 (Tex. App.—Fort Worth 2005, pet. denied); *Querner v. Rindfuss*, 966 S.W.2d 661, 670 (Tex. App.— San Antonio 1998, pet. denied); *see also* Timothy Patton, Summary Judgments in Texas: Practice, Procedure, and Review § 1.02 (3d ed. 2010). Notice of the hearing of a summary judgment motion is required because the hearing date determines the time for response to the motion; without notice of the hearing, the respondent cannot know when the response is due. *Martin v. Martin, Martin & Richards, Inc*., 989 S.W.2d 357, 359 (Tex. 1998).

"At a minimum, notice of a summary judgment hearing under rule 21a requires that (1) the opposing party be advised that the motion has in fact been set for hearing, and (2) the date and time of the hearing be included in the fiat." *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 11 (Tex. App.—Dallas 1994, no writ). Construing rules 166(a)(c) and 21(a) strictly, we hold Craig was not provided proper notice because his only notice of the setting was given in open court for a non-existent motion for summary judgment. *See Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 612-13 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding notice of

a summary-judgment hearing must be in writing, citing Texas Rules of Civil Procedure 21(a) and 166(a)(c)). Rule 166(a) requires a motion and any supporting affidavits "shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. PROC. 166(a). A statement by the trial court that if a summary judgment is filed it would be heard on May 20th did not obviate rule 166(a)(c)'s requirement that the movant provide notice of the setting once the motion is filed.

We are aware of cases that have not required strict compliance with notice requirements in situations where a proposed order referencing a time and date for hearing did not include the judge's signature. *See West v. Maint. Tool & Supply Co.*, 89 S.W.3d 96, 102 (Tex. App.—Corpus Christi 2002, no pet.); *Goode v. Avis Rent–A–Car, Inc.*, 832 S.W.2d 202, 204 (Tex. App.—Houston [1st Dist.] 1992, writ denied). However, in both cases a written notice providing a date for the hearing, albeit unsigned, accompanied the motion for summary judgment. Here, no notice was served with the motion for summary judgment.

We hold Craig did not receive notice of the summary judgment hearing as required by rules 21(a) and 166(a)(c). The judgment is reversed and remanded to the trial court for further proceedings consistent with this court's opinion.

Steven C. Hilbig, Justice